COMMISSIONERS OF YANCEY CO. *v.* W. E. PIERCY and others.

The Superior Court has power to strike out an answer whenever it appears to the satisfaction of the Court that it is irrelevant or frivolous, under either Sec. 169, or Sec. 120, C. C. P.

(*Huggins* v. *Harrison*, Phil., Law 126; *State* v. *Lutz*, 65 N. C. Rep. 508; *Bryan* v. *Hubbs*, 69 N. C. Rep. 428, cited and approved.)

This was a CIVIL ACTION, tried before *Watts, J.,* at Fall Term, 1874, of the Superior Court of YANCEY county.

The suit is brought against the defendant Piercy, who was tax collector, and the sureties on his official bond, for a failure to collect and pay over the taxes of Yancey county. The defendant set up, as a counter claim, certain orders drawn upon the Treasurer of Yancey county, which orders the defendant have paid off.

The counsel for the plaintiffs moved to strike out the counter-claim as irrelevant and frivolous, which motion was allowed, and a trial by jury being waived, the Court gave judgment for the plaintiffs. From which judgment the defendants appealed.

*Gudger* and *A. T. & T. F. Davidson*, for appellant.
*M. E. Carter*, contra.

BYNUM, J. This is an action against the tax collector of Yancey county for a failure to collect and pay over the taxes for the year 1872. The complaint alleges that the tax lists of the county taxes assessed for that year were regularly made out and delivered to Piercy, the tax collector, and that he, on demand, has refused to pay over.

The defendant, in his answer, admits these allegations, but sets up as a counter-claim, that he paid off and had receipts for an equal or greater amount of county debts, paid and taken up by him. Upon the trial below, the allegation of this counter-claim was stricken out of the answer as irrelevant, on the

motion of the plaintiff. The defendant admitted that he had
no other defence, and judgment was thereupon rendered
against him and his sureties on the bond, for an amount
which does not appear to be disputed, and the defendant ap-
pealed to this Court.

The only question submitted to this Court is, whether the
Court below had the power to strike out that part of the an-
swer setting up the counter-claim, or whether the objection
should not have been raised by a demurrer?

We think the Court had the power to strike out as "irrele-
vant" under either sec. 109 or 120, C. C. P., and that the
power was properly exercised. This Court has held in *Hug-
gins* v. *Harrison*, Phil. Law, 126, and in the recent case of
the *State* v. *Lutz*, 65 N. C. Rep., that the tax list, when
made out by the County Commissioners is a judgment, and
when delivered to the tax collector, it is an execution against
the tax payers. If an execution is delivered to the sheriff, he
is bound to obey the precept by collecting the money and pay-
ing it into the proper office.

Suppose a motion is made to amerce the sheriff for a failure
to execute and make due return of the execution; no one
would for a moment claim, that it would be any answer for
him, to set up that he was a creditor of the plaintiff in the
execution, and retained the money as his own debt. He must
collect the money and pay it into the office, when having com-
plied with the exigency of the writ, he is placed at arms length
with his debtor, and may resort to the same remedies as
other creditors. *Bryan* v. *Hubbs*, 69 N. C. Rep., 423. The
sheriff would have a most unjust advantage over all other
creditors, if he could thus appropriate to his debts, whether
just or unjust, money which must necessarily go through his
hands.

If the tax collector could thus return the county fund, by
virtue of claims against the county, picked up by him, whether
just or unjust, the counties are at once placed at his mercy,
and the wheels of county government arrested for one, two

years, or indefinitely. And upon the same principle the Treasurer of the State could stop the administration of the State government. Public policy and the very nature of the thing will give no countenance to such a defence.

It makes but little difference whether the point is made by demurrer, the more regular way, or by an order striking out that part of the answer, as was done here. Upon demurrer the plaintiff would be entitled to judgment, and by striking out that part of the answer, they are still entitled to their judgment.

No error.

PER CURIAM.                                    Judgment affirmed.