TOWN OF GREENVILLE v. C. T. MUNFORD AND J. CAROLINA MUNFORD.

(Filed 10 March, 1926.)

**1. Judgments—Consent—Attorney and Client.**

Where through mistake or otherwise an attorney not representing a party to an action, has signed his consent to an order making a temporary restraining order permanent, the judgment so entered is not binding upon the party litigant.

**2. Pleadings—Extension of Time—Clerks of Court—Judge — Court— Jurisdiction—Statutes.**

Where a consent judgment has been entered by mistake, and the trial judge has held that it did not operate as an estoppel on the defendant, and has set it aside, it is within his broad discretionary power conferred

by statute to permit the answer to be then filed, as such authority is not taken away under the procedure in such instances now given by a separate statute to the clerk of the court.

**3. Appeal and Error—Findings of Fact—Motion.**

The findings of fact by the trial judge in relation to his rulings as to the law applicable on appellant's motion, are conclusive on appeal.

APPEAL by plaintiff from *Dunn, J.,* at January Term, 1926, of PITT. Affirmed.

The defendants own a lot on Evans Street in the town of Greenville. It is alleged that they are attempting to appropriate a part of the street to their private use by building beyond their line a brick wall, which when completed will be a permanent structure. The plaintiff brought suit and obtained an order temporarily restraining the defendants from putting up the wall. On 11 December, 1925, the order was made permanent and it was adjudged that the plaintiff recover its costs. Soon afterwards upon the defendants' motion Judge Dunn modified the former judgment and gave the defendants leave to answer. The plaintiff excepted and appealed.

*D. M. Clark for plaintiff.*
*Skinner & Whedbee for defendants.*

ADAMS, J. This was a motion to set aside a judgment for surprise under C. S., 600. The judgment recites his Honor's finding of the facts. The summons and the complaint were served on the defendants on 2 December, 1925, and on 11 December, the temporary restraining order was made permanent. This judgment, which in effect, was final, was presented for approval to an attorney who, as the plaintiff thought, represented the defendants. The attorney did not represent the defendants and for this reason his approval, which apparently had been given through some sort of inadvertence or mistake, was not binding on them. The time for filing an answer had not expired, as only nine days had elapsed between the service of the summons and the signing of the final judgment; and the defendants have a meritorious defense. Judge Dunn declined to vacate or modify the restraining order, but he held that the judgment did not operate as an estoppel against the defendants' right to set up this defense and granted an extension of time for answering the complaint.

In this we find no error. The findings of fact are conclusive and the judge was authorized to grant an extension of time beyond twenty days for filing the answer. In *McNair v. Yarboro,* 186 N. C., 111, it is said: "And we consider it well to state further that, while this chapter 92, in

section 3, (Laws 1921), provides that 'where a copy of the complaint has been served upon each of the defendants the clerk shall not extend the time for filing answer beyond twenty days after such service,' this restriction applies to the clerk, and does not and is not intended to impair the broad powers conferred on the judge in this respect by C. S., 536, to the effect that when the cause is properly before him 'he may, in his discretion and upon such terms as may be just, allow an answer or reply to be made or other act done after the time or by an order to enlarge the time.'" The judgment is

Affirmed.