THE CITY OF WASHINGTON AND THE TRUST COMPANY OF WASH-
INGTON, AS SINKING FUND COMMISSION OF THE CITY OF WASHINGTON, V.
M. U. HODGES, DR. E. M. BROWN AND MRS. LENA SWAIN.

(Filed 18 February, 1931.)

1. **Appeal and Error J b—Refusal of trial court to allow defendant to
file answer after time is not reviewable on appeal.**

The refusal of the trial court to allow a defendant to file answer after
the time is not reviewable on appeal, the matter being within the sound
discretion of the trial court.

2. **Pleadings H a—Trial court has the power in his discretion to allow
extension of time for filing pleadings.**

N. C. Code, 1927, 509, providing that the clerk may not extend the time
to file answer for more than twenty days from the time the answer is due
to have been filed, except by consent of parties, does not affect the right
of the Superior Court judge to allow an extension of time under C. S.,
536, in his discretion upon such terms as he may deem just, but the
matter is within his discretion, and no appeal will lie from his refusal to
allow a defendant to file answer after the trial is called.

3. **Same — Where answer of codefendant does not set up cross-action
against complainant he is not entitled to be served with answer.**

Where one defendant has, with the consent of the plaintiff been
allowed an extension of time to file answer and has interposed a defense
involving the rights of his codefendant, the latter who has filed no answer
is bound by the discretionary ruling of the judge refusing to allow him to
file answer upon his discovery of the matter alleged in the answer of his
codefendant which was not served on him, such answer not setting up a
cross-action by the defendant filing it against the complaining defendant.

APPEAL by defendant, E. M. Brown, from *Harris, J.,* at October
Term, 1930, of BEAUFORT. Affirmed.

*Facts:* (1) On 21 December, 1923, the defendant, M. U. Hodges
executed and delivered to the defendant, Mrs. Lena Swain, seven notes of
$500 each, due annually for seven years, interest at the rate of six per
cent payable annually, aggregating $3,500. Said notes were secured
by deed of trust to Harry McMullan, which was duly recorded. A
provision in the deed of trust was to the effect that upon default in the
payment of any note and interest the whole indebtedness was to become
due and payable.

(2) That said notes were endorsed as follows: (a) Mrs. Lena Swain
to Dr. E. M. Brown (Dr. Brown having sold Mrs. Swain a tract of
land and this was in payment). (b) Dr. E. M. Brown endorsed said
notes for a valuable consideration to the Trust Company of Washington
as Sinking Fund Commissioner of the City of Washington, and the

plaintiff is now the owner and holder of the notes. M. U. Hodges, who executed to Mrs. Lena Swain the seven notes of $500 each, as above set forth, which represented the balance owing on the purchase of land, and on said land there was a mortgage showing canceled upon the records, which afterwards in the suit of *Union Central Life Ins. Co. v. Ada G. Cates,* the said M. U. Hodges and others (reported 193 N. C., 456), was declared in full force and effect.

(3) The land was sold by a commissioner appointed to foreclose the encumbrance in the *Union Central Life Ins. Co. case, supra,* and after paying the liens on the property there was a balance of $552.22.

(4) On 11 November, 1927, an action was brought by plaintiff against the defendant M. U. Hodges, Dr. E. M. Brown and Mrs. Lena Swain, and the complaint filed 12 November, 1927, alleges, among other things: "(3) That said notes bear upon the back thereof the endorsement of the defendants, Mrs. Lena Swain and Dr. E. M. Brown, and the plaintiff, the Trust·Company of Washington, is the holder thereof in due course, having paid full value therefor and before maturity. . . . That there is now due the plaintiffs upon said notes the full amount of $3,000, with interest from 21 December, 1924, subject, however, to the payment of $552.22, if said amount is properly payable upon said notes, which as plaintiffs are informed and believe is true."

M. U. Hodges, answering, says: "That on or about 21 December, 1923, this defendant executed to Mrs. Lena Swain seven notes of $500 each, one being due each year for seven successive years, which notes were secured by deed of trust to Harry McMullan; that said notes represented and were given for $3,500 of the purchase money of a tract of land conveyed by Mrs. Lena Swain and her husband to this defendant, being the same land described in the deed of trust executed by him to Harry McMullan, which notes and deed of trust were executed and delivered by this defendant on the representation and warranty of Mrs. Lena Swain and her husband to him that said land was free and clear of all encumbrances and that they were conveying to him a good and indefeasible title, upon which he relied, and without which he would not have made said purchase. It is also admitted that only the first of said notes and interest on all of them for one year has been paid and this payment was made before defendant learned of the true situation in respect to said land. . . . This defendant has no knowledge or information sufficient to enable him to form a belief as to the matters alleged in section 3, and therefore denies the same and particularly denies that said Trust Company of Washington is a holder of said notes in due course or that it paid full value therefor, but, on the contrary, took said notes and holds the same with actual or constructive notice of

their infirmity and of all the facts, as this defendant is informed and believes, . . . which sale was made under foreclosure of a prior outstanding mortgage or deed of trust in favor of said Union Central Life Insurance Company, which appeared to have been canceled of record and which this defendant was informed by Mrs. Lena Swain and husband, or their attorney, had in fact been paid and canceled; relying upon which and being ignorant to the contrary, this defendant executed the purchase-money notes and the deed of trust aforesaid and undertook thereafter to maintain his right and title to said land as free and clear of encumbrances."

For further answer he alleges: "That he purchased said land from Mrs. Lena Swain and husband for the sum of $4,500, and paid thereon $1,000 in cash, executing seven purchase-money notes and deed of trust for the balance of $3,500, as aforesaid, and upon the representation and warranty of title made to him that the property was free and clear of all liens and encumbrances, upon which he relied; that thereafter it was judicially established in the suit of *Union Central Life Insurance Company et al. v. Ada G. Cates et al.,* that the mortgage or deed of trust in favor of said Life Insurance Company was a valid and subsisting lien on the property and a foreclosure sale thereof was ordered and made, and in consequence of which the property was sold and this defendant thereby wholly deprived of his right and title thereto; that in consequence thereof, he is entitled to recover of Mrs. Lena Swain and her husband the sum of $1,000 and $500 paid on the first note and to have all of said notes surrendered up and canceled, as he is advised and believes. That the plaintiffs, together with Dr. E. M. Brown, had actual or constructive notice of all the facts and circumstances and are not innocent holders or purchasers of said notes, or any of them, as this defendant is informed and believes."

The answer was filed 30 December, 1927. Mrs. Lena Swain and Dr. E. M. Brown filed no answer. The case came on for trial at October Term, 1930.

The issue submitted to the jury and their answer thereto was as follows: "Did the plaintiff, sinking fund commissioner, acquire the notes sued on as a holder in due course? Answer: No."

The following judgment was rendered by the court below:

"This cause coming on to be heard before his Honor, W. C. Harris, judge presiding, and a jury sworn and empaneled, and the jury having found in response to the issue submitted that the plaintiff, the Trust Company of Washington as Sinking Fund Commissioner, was not an innocent purchaser, or holder in due course of the notes described in the complaint, which were acquired by it from the defendant, E. M. Brown,

and it further appearing that the defendants Brown and Lena Swain have not answered the complaint nor filed any reply to the cause of action alleged against them in the answer of defendant Hodges:

It is now on motion of H. C. Carter, Esq., attorney for plaintiffs, adjudged and decreed by the court that the Trust Company of Washington, as Sinking Fund Commissioner, recover of said defendants, E. M. Brown, and Lena Swain, the sum of said notes, to wit, $3,000, with interest thereon from 21 December, 1924, together with the costs of this action to be taxed by the clerk.

On motion of McLean & Rodman, attorneys for defendant, M. U. Hodges, it is adjudged and decreed by the court that as against him plaintiffs take nothing by their suit and that he recover of plaintiffs his costs expended to be taxed by the clerk; further, that as to the defendants, E. M. Brown and Lena Swain, the allegations of the answer of said M. U. Hodges be taken as admitted, and that neither the plaintiffs nor the said Brown and Swain is entitled to recover anything on said notes or any of them from the defendant Hodges."

The assignment of error and other facts will be set forth in the opinion.

*H. C. Carter for plaintiff.*
*MacLean & Rodman for M. U. Hodges.*
*Ward & Grimes for Dr. E. M. Brown.*

CLARKSON, J. This is an action brought by plaintiff against the defendants to recover $3,000 (six notes $500 each), with interest from 21 December, 1924, subject to a credit of $552.22 surplus from a sale under a prior mortgage wrongfully canceled of record. See *Insurance Co. v. Cates,* 193 N. C., 456. There were seven notes of $500 each, due annually for seven years, given by M. U. Hodges to defendant, Mrs. Lena Swain, balance purchase money on land, secured by deed of trust which was duly recorded. These notes for value were endorsed by Mrs. Lena Swain to Dr. E. M. Brown in a land purchase, and Dr. Brown for value endorsed same to plaintiff. One of the $500 notes has been paid by M. U. Hodges. This suit was instituted on 11 November, 1927, and complaint filed on 12 November, 1927, and served on defendants and on Dr. E. M. Brown 15 November, 1927. Neither Mrs. Lena Swain nor Dr. E. M. Brown filed an answer. Defendant M. U. Hodges filed an answer on 30 December, 1927, alleging false representations on the part of Mrs. Lena Swain to the effect that she represented that the land was free and clear of encumbrance when there was a prior mortgage as set forth in *Insurance Co. v. Cates, supra.* That the plaintiff was not a

holder in due course, but took the notes and held the same with notice of their infirmity. C. S., 3033, 3037. The issue was submitted to the jury at October Term, 1930: "Did the plaintiff, Sinking Fund Commissioner, acquire the notes sued on as a holder in due course?" The jury answered "No." As between plaintiff and Hodges, the finding of the jury settled their controversy.

But Dr. E. M. Brown contends that the question involved in this appeal: "Can the defendant (Hodges) by consent of plaintiff's counsel, but without order of clerk or judge, procure an extension of time to file his answer, setting up in his answer, filed after the statutory time, matters affecting the rights of his codefendant Brown, without giving him notice of the contents of the answer on the grounds that Brown—in recognition of the plaintiff's rights as set out in the complaint—has filed no answer to the complaint, thereby precluding Brown from setting up his rights against the codefendant Hodges?"

On this record we cannot agree with the contentions made by Dr. Brown. He was served with summons and complaint on 15 November, 1927, and made no answer. Defendant M. U. Hodges filed his answer 30 December, 1927. M. U. Hodges executed to Mrs. Lena Swain the seven notes of $500 each secured by deed of trust to Harry McMullan, trustee, as above set forth, the said notes represented the balance owing on the purchase of land from Mrs. Lena Swain. It is alleged by him that Mrs. Lena Swain fraudulently represented to him that the land was free and clear of any encumbrance, while in fact there was a mortgage showing canceled upon the records, which afterwards in the suit of *Union Central Life Insurance Company v. Ada G. Cates,* the said M. U. Hodges and others (reported 193 N. C., 456), was declared in full force and effect.

It appears in the record, and it is not denied by Dr. Brown, that on the issue above set forth he was a witness for plaintiff and undertook to establish the fact that he (Brown) was an innocent holder or purchaser of the notes. This question was directly submitted to the jury under the charge of the court, and the jury found that Brown was not a holder in due course or innocent purchaser. We think he has no cause to complain. *Rand v. Gillette,* 199 N. C., 462.

The court below refused to allow Dr. Brown to file answer and found as a fact "that the neglect of E. M. Brown to employ counsel and file answer was inexcusable."

Dr. Brown contends that N. C. Code, 1927 (Michie), 509, was not followed, in that the court below did not allow an extension of time to Hodges to file an answer, but the plaintiff did and thereby Dr. Brown's rights were affected as the answer of Hodges accomplished this result and he was given no notice of the contents of the answer.

The above statute says in part, "The clerk shall not extend the time for filing answer or demurrer more than once nor for a period of time exceeding twenty days *except by consent of parties.*" (Italics ours.) See *Battle v. Mercer,* 187 N. C., at p. 448.

In the present case the plaintiff consented to an extension of time for Hodges to answer. As between the plaintiff and Hodges, section 509, *supra,* was strictly complied with. Dr. Brown was served with summons and complaint on 15 November, 1927, and the trial was at October Term, 1930. Dr. Brown filed no answer and the case was pending nearly three years. Dr. Brown when served with summons and complaint should have answered and set up what rights, if any, he had against plaintiff, and if secondarily liable to Hodges should have asserted that right, just as M. U. Hodges asserted his rights when summons and complaint of plaintiff were served on him.

The record discloses that the case was regularly calendared for trial at the October Term, 1928, but continued. The case was again set for trial at May Term, 1929, October Term, 1929, February Term, 1930, May Term, 1930, and October Term, 1930, at which time it was finally tried. The defendant Brown had not answered at the time of the trial and judgment by default final was duly entered against him and the other defendant, Mrs. Lena Swain, who likewise had filed no answer.

The answer of Hodges asserts no affirmative cause of action against Dr. Brown; it contains merely matters of defense as against plaintiff. The affidavit of Dr. Brown, in part, is as follows:

"That this defendant was well acquainted with H. M. Burrows, who was manager and treasurer of the Trust Company of Washington and that after the summons and complaint were served on him he talked with the said Burrows about the matter, and the said Burrows told this defendant that the liability of him, Brown, was secondary to the liability of Hodges, the maker of the said notes, and to the liability of Lena Swain, the first endorser thereon, and this affiant recognizing his liability as endorser on the said notes subject to the prior liabilities of the said Hodges, and the said Swain employed no attorney and filed no answer therein.

"That this suit was called for trial at October Term, 1930, and this defendant was present in court and heard the pleadings read and heard the answer of M. U. Hodges read, section 7 of which is as follows: 'That the plaintiffs, together with Dr. E. M. Brown, had actual and constructive notice of all the facts and circumstances and are not innocent holders or purchasers of said notes or any of them, as this defendant is informed and believes.' . . . That no copy of said answer of M. U. Hodges has ever been delivered to this defendant, and he had no knowledge of the contents of said answer until same was read as aforesaid at

this term of court.   .   .   .   Wherefore, he prays the court to allow him to file answer, setting up his defense to the cross-action of the defendant Hodges, and offered evidence in support of his contentions."

This request of Dr. Brown was *to file answer*.  C. S., 600, is only applicable to set aside a judgment, etc., for mistake, surprise, excusable neglect.  The statute has no bearing on the facts here.  See *Foster v. Allison Corp.*, 191 N. C., 166.

The court below refused to allow Dr. Brown to file answer.  We think this was in the sound discretion of the court below, and ordinarily not reviewable.

We have set forth the pleadings and facts at length to show there was no abuse of discretion or arbitrary action on the part of the court below, although this was not necessary.

C. S., 536, is as follows: "The judge may likewise, in his discretion, and upon such terms as may be just, allow an answer or reply to be made, or other act to be done, after the time limited, or by an order to enlarge the time."

C. S., 637: "Whenever a civil action or special proceeding begun before the clerk of the Superior Court is for any ground whatever sent to the Superior Court before the judge, the judge has jurisdiction; and it is his duty, upon the request of either party, to proceed to hear and determine all matters in controversy in such action, unless it appears to him that justice would be more cheaply and speedily administered by sending the action back to be proceeded in before the clerk, in which case he may do so."

"It is too well settled to require or even justify discussion, that the enlargement of the time for filing pleadings is a matter to be decided according to the court's discretion.  *Wilmington v. McDonald*, 133 N. C., 548."  *Church v. Church*, 158 N. C., at p. 566; *Horney v. Mills*, 189 N. C., 729.  This discretion is ordinarily not reviewable.

In *McNair v. Yarboro*, 186 N. C., at p. 113, it is stated: "And we consider it well to state further that, while this chapter 92, in section 3, provides that 'where copy of the complaint has been served upon each of the defendants, the clerk shall not extend the time for filing answer beyond twenty days after such service.'  This restriction applies to the clerk, and does not and is not intended to impair the broad powers conferred on the judge in this respect by section 536 of Consolidated Statutes, to the effect that where the cause is properly before him, 'he may, in his discretion and upon such terms as may be just, allow an answer or reply to be made or other act done after the time or by an order to enlarge the time.' "  *Cahoon v. Everton*, 187 N. C., 369; *Roberts v. Merritt*, 189 N. C., 194; *Howard v. Hinson*, 191 N. C., 366; *Greenville v. Munford*, 191 N. C., 373; *Burton v. Smith*, 191 N. C., 599; *Butler v.*

*Armour*, 192 N. C., 510; *Aldridge v. Ins. Co.*, 194 N. C., at p. 685; *Dunn v. Jones*, 195 N. C., 354; *Light Co. v. Reeves*, 198 N. C., at p. 409.

The request of Dr. Brown to file answer was in the discretion of the court below, which is not reviewable on the facts of this record. The learned attorneys for Dr. Brown can cite us to no authority, and we can find none, to sustain their contentions. The judgment below is

Affirmed.