CHRISTINE B. WARREN v. VIRGINIA-CAROLINA JOINT STOCK
LAND BANK.

(Filed 28 September, 1938.)

**1. Pleadings § 29—**

A motion to strike out as a matter of right made after answer and on the day the case is calendared for trial, is properly denied for the reason that it is not made in apt time. C. S., 537.

**2. Same—**

Even though a motion to strike out is not made in apt time, the court has discretionary power to allow the motion during the term at which the case is calendared for trial.

**3. Appeal and Error §§ 39, 40b—Where motion to strike out is addressed to court's discretion, it will not be presumed that court denied the motion for want of power.**

Defendant moved to strike out certain allegations of the complaint on the day the case was calendared for trial, and asked that the motion be allowed as a matter of discretion. The court denied the motion on the ground of want of power. Three days later, when the case was called for trial, the motion was again made and denied, the record failing to show more than the denial of the second motion. *Held:* The record failing to show that the second motion was denied on the ground of want of power, it will be presumed on appeal that the motion was denied as a matter of discretion, and the exception to the denial of the first motion becomes immaterial.

**4. Appeal and Error § 40b—Denial of motion to strike out held not prejudicial when no evidence in support of irrelevant allegations is admitted.**

When a motion to strike out is addressed to the discretion of the trial court at the term the case is calendared for trial, a denial of the motion on the ground of want of power to entertain it cannot be held prejudicial when no evidence in support of the irrelevant allegations sought to be stricken out is admitted on the trial.

**5. Mortgages §§ 35a, 39e—Where one employee of cestui holds the sale and another employee bids in property, sale is voidable.**

In an action for damages for wrongful foreclosure, uncontradicted evidence that the sale was made by one employee of the *cestui que trust* and the property bid in by another employee of the *cestui,* and that the advertisement did not specify place of sale is sufficient to support the ruling of the court that he would instruct the jury that the sale was not a proper and valid foreclosure and that plaintiff trustors were entitled to the difference between the value of the land at that time and the amount bid.

APPEAL by defendant from *Bone, J.,* at February Term, 1938, of BEAUFORT. No error.

This was an action to recover damages for wrongful foreclosure and sale of plaintiff's land. The record discloses the following material facts:

In 1928 plaintiff borrowed $2,500 from the defendant Land Bank, and to secure the same executed deed of trust on her land to the Southern Trust Company, trustee. The name of the trustee was subsequently changed to the Southern Loan & Insurance Company. Default having been made in the payment of the debt, foreclosure sale was had on 14 November, 1934, and the defendant Land Bank became the last and highest bidder for the land in the sum of $2,400. Report of sale was filed with the clerk 18 January, 1935, and on same date deed from the trustee to the Land Bank was executed. On the following day, 19 January, 1935, the defendant Land Bank conveyed the land to E. H. and G. M. Swanner for the consideration of $3,500.

The plaintiff, conceding that the Swanners were innocent purchasers for value, brought her action against the Land Bank alleging an invalid

foreclosure, and offered evidence tending to show that the advertisement of the foreclosure sale did not specify the place of sale, that the sale was made by one employee of defendant and bid off for the Land Bank by another employee of defendant, and that the land was worth much more than the price at which it was bid off and conveyed to the Land Bank.

The trial judge stated that upon this evidence he would charge the jury that the sale of the land was not a proper and valid foreclosure of plaintiff's equity of redemption therein, and that the plaintiff was entitled to recover the difference between what the jury should find the land was worth in January, 1935, and the amount of plaintiff's debt. It was thereupon agreed by defendant (reserving its exceptions to the court's ruling with respect to the validity of the foreclosure sale) that the following issue should be submitted to the jury: "What was the value of plaintiff's land, referred to in the complaint, on 19 January, 1935?" It was further agreed that the court might deduct the amount of plaintiff's debt from the amount found by the jury in answer to said issue.

The jury answered the issue $5,000 and the court deducted $3,242.87 as amount of plaintiff's debt and rendered judgment in favor of the plaintiff for the difference, to wit, $1,757.13. From this judgment defendant Land Bank appealed.

*Rodman & Rodman for plaintiff, appellee.*
*Grimes & Grimes and Worth & Horner for defendant, appellant.*

DEVIN, J. Defendant's principal assignment of error is based upon the denial of its motion to strike certain allegations from the complaint, on the ground that they were irrelevant and prejudicial.

The motion, however, was made after answer and on the day the case was calendared for trial, and was denied for the reason that it was not made in apt time (C. S., 537). The defendant then asked that its motion be allowed as a matter of discretion, and this was denied as not being a matter in the court's discretion. When the case was reached for trial three days later the defendant again moved to strike out the offending allegations, and the motion was denied.

While the motion to strike was not made in proper time, that did not divest the court of the power, in the exercise of its sound discretion, to allow the motion during the term at which the case was on the calendar for trial, and the statement of the judge below, in denying the motion when first made, that it was not a matter of discretion, was an inadvertence (*Hines v. Lucas,* 195 N. C., 376, 142 S. E., 319; *Washington v. Hodges,* 200 N. C., 364, 156 S. E., 912; C. S., 536). But the motion to strike was made later in the week before the trial was begun, and the record at that time shows merely that the motion was denied. No

reason was assigned for the action of the court. There is no presumption that the later ruling was based upon want of power. The record does not preclude the assumption that the motion was denied in the exercise of discretion, since, as was said in *Hogsed v. Pearlman,* 213 N. C., 240: "The ruling of the court below, in the consideration of an appeal, is presumed to be correct." In this view the defendant's exception to the former ruling of the court would seem to be without merit. Nor do the facts show an abuse of discretion. But if it be conceded that the last ruling of the court was also based on the erroneous view of want of power and that there was a failure to exercise the discretion vested in the court, nevertheless it appears that in the trial no evidence was admitted in support of the irrelevant allegations sought to be stricken from the complaint, and we cannot hold that the jury was influenced or the defendant prejudiced thereby, so as to require the granting of a new trial.

The uncontradicted evidence bearing on the invalidity of the foreclosure was sufficient to sustain the ruling of the trial judge thereon (*Davis v. Doggett,* 212 N. C., 589; *Warren v. Susman,* 168 N. C., 457, 84 S. E., 760; *Hayes v. Pace,* 162 N. C., 288, 78 S. E., 290; 41 C. J., 953), and this left as the only controverted issue the value of the land at the time the title passed to innocent purchasers for value. The form of the issue was agreed to by the defendant. There was competent evidence to support the verdict of the jury and the charge of the court was free from error.

We have examined the other exceptions noted by defendant during the trial and find therein no sufficient ground upon which to overthrow the verdict and judgment below.

No error.