RALPH H. BROWN v. F. GRADY HALL.

(Filed 20 November, 1946.)

**1. Pleadings § 31—**

Allegations in an answer of a prior action instituted by the plaintiff and incorporating in the answer the summons and complaint of such prior action, not for the purpose of pleading pendency of such action, it appearing from the allegation that voluntary nonsuit had been taken therein, is properly stricken upon motion of plaintiff on the ground of irrelevancy.

**2. Same—**

Irrelevant and redundant or evidential matter may be stricken from a pleading upon motion of the party aggrieved thereby, G. S., 1-153, and the order striking such matter from the pleading does not deprive the pleader of any substantial right.

**3. Pleadings §§ 3a, 7—**

A pleading should allege the ultimate facts upon which the right to relief is predicated and not the evidential facts which must be proven to establish the ultimate facts.

**4. Pleadings § 30—**

A motion to strike made before pleading or expiration of extension of time to plead, is made as a matter of right, while such motion not made in apt time is addressed to the discretion of the court.

**5. Appeal and Error § 40b—**

A discretionary ruling of the trial court is not reviewable on appeal in absence of abuse of discretion.

APPEAL by defendant from *Sink, J.,* at February Term, 1946, of ROWAN.

This was an action to recover for alleged personal injuries and for property damage caused by a collision between the Dodge automobile of the plaintiff and a Studebaker truck of the defendant on the Lincolnton Road about one and a half miles from Salisbury in April, 1944. The complaint contains allegations of actionable negligence on the part of the defendant in the operation of the defendant's truck, and of personal injuries and property damage proximately caused thereby. The answer denies the allegations of the defendant's negligence, and avers that even if he were negligent the plaintiff was guilty of contributory negligence, making specific allegations of such contributory negligence; and also in his further answer avers in Paragraph III thereof as follows: "That prior to the institution of this suit plaintiff in this case instituted a suit in the Rowan County Court for the same collision in which he alleged his total damage of every kind at $523.50, the complaint of said action having been duly sworn to by the plaintiff herein, and which action was dismissed by the court, copy of summons in said action, together with copy of complaint, is hereto attached and asked to be made a part of this answer as fully as if written herein."

The plaintiff lodged a motion to strike the said allegations contained in Paragraph III of defendant's answer before the clerk of Rowan County, which motion was denied. When the case was called for trial and the jury had been sworn and empaneled, the plaintiff made a similar motion to strike from the answer Paragraph III of the further answer, together with summons and complaint filed by the plaintiff in the former

action which had been incorporated in the answer by reference thereto, which motion was allowed by Sink, J., at term time, and to the order allowing said motion the defendant preserved exception, and appealed, assigning error.

*Hayden Clement and George R. Uzzell for plaintiff, appellee.*
*Walter H. Woodson and John C. Kesler for defendant, appellant.*

SCHENCK, J.     There is but one assignment of error in the record, which assignment is brought forward in appellant's brief, namely: "The Court erred in sustaining the motion of the plaintiff to strike paragraph 3 of the defendant's further answer, together with the copy of the summons and copy of the complaint referred to in the said further answer." We are of the opinion, and so hold, that the answer to the question posed is in the negative.

The defendant does not plead the pendency of the other action, but on the contrary stipulates that a voluntary nonsuit had been taken and the costs therein had been paid by the plaintiff.   The plaintiff therefore contends that the inclusion in the further answer of the defendant of paragraph 3, together with the summons and complaint in a former action was not germane to the trial in this case, but was immaterial, irrelevant, evidential and redundant.   The answer contained a general and specific denial of the material allegations of the complaint, and averred the contributory negligence of the plaintiff.   This was all that was required of the defendant to present his defense.   The order striking the irrelevant matter from the answer did not deprive the defendant of any substantial right or defense.   *Bank v. Atmore,* 200 N. C., 437, 157 S. E., 129.   Irrelevant and redundant matter may be stricken out of pleadings on motion of any person aggrieved thereby, G. S., 1-153, and the Superior Court is authorized, in the exercise of its discretion, to strike from a pleading any allegations of purely evidential and probative facts.   *Comrs. v. Piercy,* 72 N. C., 181.

"Allegations which set forth evidential matters would be considered irrelevant, and excessive fullness of detail would be redundant," sec. 371, p. 378, and further, "the material, essential, or ultimate facts upon which the right of action is based should be stated, and not collateral or evidential facts, which are only to be used to establish the ultimate facts.   The plaintiff is to obtain relief only according to the allegations in his complaint and, therefore, he should allege all of the material facts, and not the evidence to prove them."   McIntosh, N. C. Prac. & Proc., sec. 379, p. 388.   *Revis v. Asheville,* 207 N. C., 237, 176 S. E., 738.

"The function of a complaint," as stated by *Walker, J.,* in *Winders v. Hill,* 141 N. C., 694, 54 S. E., 440, "is not the narration of the evidence, but a statement of the substantive and constituent facts upon

which the plaintiff's claim to relief is founded. The bare statement of the ultimate facts is all that is required, and they are always such as are directly put in issue. Probative facts are those which may be in controversy but they are not issuable. Facts from which the ultimate and decisive facts may be inferred are but evidence and therefore probative. Those from which a legal conclusion may be drawn and upon which the right of action depends are the issuable facts which are proper to be stated in a pleading. The distinction is well marked in the following passage : 'The ultimate facts are those which the evidence upon the trial will prove, and not the evidence which will be required to prove the existence of those facts.' *Wooden v. Strew,* 10 How. Pr., 48 ; 4 Enc. of Pl. and Pr., p. 612." See also *Revis v. Asheville, supra.*

As was said in *Hill v. Stansbury,* 221 N. C., 339, 20 S. E. (2d), 308, ". . . when the motion is made in apt time—that is, before pleading or an extension of time to plead—it is made as a matter or right, *Hosiery Mill v. Hosiery Mills, supra* (198 N. C., 596, 152 S. E., 794) ; *Poovey v. Hickory,* 210 N. C., 630, 631 ; and when made later, it is then within the discretion of the Court. *Hensley v. Furniture Co.,* 164 N. C., 148, 80 S. E., 154 ; *Bowling v. Bank,* 209 N. C., 463, 184 S. E., 13 ; *Warren v. Joint Stock Land Bank,* 214 N. C., 206, 198 S. E., 624."

"While the motion to strike was not made in proper time, that did not divest the court of the power, in the exercise of its sound discretion, to allow the motion during the term at which the case was on the calendar for trial, and the statement of the judge below, in denying the motion when first made, that it was not a matter of discretion, was an inadvertence (*Hines v. Lucas,* 195 N. C., 376, 142 S. E., 319) ; *Washington v. Hodges,* 200 N. C., 364, 156 S. E., 912 ; C. S., 536." *Warren v. Land Bank,* 214 N. C., 206, 198 S. E., 624.

"A discretionary ruling of the Superior Court is not reviewable on appeal unless it clearly appears that there has been an abuse of the discretionary power, and defendant's exception to a discretionary ruling of the trial court in the present case cannot be sustained." 2d syllabus of *Cody v. Hovey,* 219 N. C., 369, 14 S. E. (2d), 30.

The order of the judge below is
Affirmed.