JOHN M. TUCKER, F. NAT WEST AND J. G. BARRON, TRUSTEES OF SALEM LODGE NO. 36 I. O. O. F. v. HATTIE F. TRANSOU (WIDOW); VIRGIL A. TRANSOU AND WIFE, EVIE B. TRANSOU; JAMES H. TRANSOU AND WIFE, NANCY M. TRANSOU; AND FRED R. TRANSOU AND WIFE, KATE TODD TRANSOU.

(Filed 30 June, 1955.)

**1. Appeal and Error § 40: Pleadings § 30—**

On appeal from the clerk's order to the effect that petitioner was entitled to a cartway pursuant to G.S. 136-69, the Superior Court allowed plaintiff's motion to strike certain portions of the answers relating to one defendant's offer to give a right of ingress and egress at a location of her choosing. *Held:* The motion to strike not being made in apt time, it

was addressed to the discretion of the lower court, and its ruling thereon will not be disturbed, since no abuse of discretion or prejudicial error could be involved, the location of the cartway and the assessment of damages, if any, being, initially, solely for the jury of view.

**2. Highways § 11—**

While an aggrieved party is not required to wait until a cartway is laid off and the damages assessed in a proceeding under G.S. 136-68, before appealing from the order of the clerk adjudging that petitioner is entitled to the relief, the location of the cartway and the assessment of damages, if any, even though the clerk's order be affirmed, remain matters for the jury of view, subject to the right of review.

APPEAL by defendant Hattie F. Transou from *Fountain, Special Judge,* January Term, 1955, of FORSYTH.

This is a special proceeding instituted on 1 December, 1953, before the Clerk of the Superior Court of Forsyth County, to establish a right to have a cartway laid off over the land of appellant and other defendants, pursuant to the authority given in G.S. 136-68.

The Clerk entered an order on 23 February, 1954, to the effect that the petitioner was entitled to the relief sought and appointed a jury of view to view the premises and lay off the cartway, not less than 14 feet in width, from the petitioner's land over the lands of some or all of the defendants to the public highway, and assess damages, if any, the owner or owners may sustain thereby, and to make a report of its findings in writing to the Clerk of the Superior Court not later than 15 March, 1954.

From the foregoing order, all the defendants appealed in apt time to the Superior Court. When the matter came on for trial in the Superior Court in January 1955, and after the jury had been selected and impaneled, the plaintiff moved to strike certain portions of the answers. These portions related to an offer of defendant Hattie F. Transou to give plaintiff a way of ingress and egress to its property, the way, however, to be located at a place of her choosing. The motion was allowed and all the defendants gave notice of appeal to the Supreme Court; however, only Hattie F. Transou perfected her appeal, assigning error.

*J. L. Carlton and H. Bryce Parker for petitioner.*
*W. S. Mitchell and Elledge & Johnson for appellant.*

DENNY, J. A motion to strike allegations in a defendant's answer, as a matter of right, pursuant to the provisions of G.S. 1-153, comes too late when it is not made until the case is calendared for trial or until the jury has been selected and impaneled. *Warren v. Virginia-Carolina Joint Stock Land Bank,* 214 N.C. 206, 198 S.E. 624. But when a motion to strike is not made in apt time, the court has discretionary power to

allow or deny such motion, and its ruling will not be disturbed on appeal in the absence of an abuse of discretion. *Parrish v. R. R.*, 221 N.C. 292, 20 S.E. 2d 299. No abuse of discretion or prejudicial error has been shown on this appeal since it is not within the province of the Superior Court on appeal in such proceeding, to decide where the cartway is to be located and laid out or to determine and assess the amount of damages, if any. *Garris v. Byrd*, 229 N.C. 343, 49 S.E. 2d 625.

It is true that an aggrieved party is not required to wait until a cartway is laid off and the damages assessed before appealing from an order of the Clerk of the Superior Court adjudging that a petitioner is entitled to a cartway. *Triplett v. Lail*, 227 N.C. 274, 41 S.E. 2d 755. But, if upon appeal such order is affirmed, the location of the cartway and the assessment of damages, if any, are matters for the jury of view, subject to the right of the court to review its findings. *Garris v. Byrd, supra.*

The ruling of the court below is
Affirmed.