DR. PAUL BOLIN v. NELL WALKER BOLIN.

(Filed 28 September, 1955.)

**1. Divorce and Alimony § 12—**

A plea of adultery, even if found by the court to be true, does not preclude the court from allowing the wife reasonable counsel fees for the prosecution or defense of a divorce action. G.S. 50-16.

**2. Appeal and Error § 40f—**

Notwithstanding that a motion to strike is not made in apt time, the court has discretionary power to allow or deny such motion, and its ruling

will not be disturbed on appeal in the absence of abuse of discretion. G.S. 1-153. Where, in an action for divorce on the ground of two years' separation, plaintiff's plea of adultery of defendant remains in his pleadings, for whatever purpose it may serve in connection with any motion for alimony *pendente lite*, G.S. 50-15, plaintiff is not prejudiced by the action of the court in striking out allegations elaborating his plea of adultery.

**3. Divorce § 5a—**

Under the amendments of G.S. 50-8 by Chapter 165, Session Laws of 1947, and Chapter 590, Session Laws of 1951, verification of the complaint in an action for divorce in substantial compliance with G.S. 1-145 is all that is required.

WINBORNE and HIGGINS, JJ., took no part in the consideration or decision of this case.

APPEAL by plaintiff from *Parker, J.,* April Term, 1955, of DUPLIN.

This is an action for absolute divorce on the ground of two years' separation, instituted by the plaintiff on 22 July, 1954.

The defendant filed an answer admitting the material allegations of the complaint but alleged in her further answer that "the plaintiff is not providing adequate support for the defendant in spite of the separation agreement entered into between the parties on June 2, 1952," and also alleged the plaintiff is able to pay reasonable counsel fees to the defendant for the defense of this action, and further that he is able to pay reasonable subsistence to the defendant. However, in her prayer she only asked for reasonable counsel fees in order to defend the action.

The plaintiff, instead of filing a reply, filed what he called an "Answer to the Defendant's Further Defense and Counterclaim." In his pleadings he denies the allegations contained in the defendant's further answer and pleads "as another and further defense to defendant's action," in paragraph one thereof, the adultery of the defendant; and in paragraph two thereof, he amplifies her unfaithful conduct. He then prays that the defendant's counterclaim be dismissed and that he be granted an absolute divorce either upon the ground of two years' separation or upon the ground of adultery.

The defendant demurred to the new matter in the reply of plaintiff, which is labeled "Answer to Defendant's Further Defense and Counterclaim," on the ground that it sets up a new cause of action; also that the complaint is not verified as required by law.

When the cause came on for hearing, the defendant moved to strike the new matter alleged, as set out in the demurrer; that the court require the plaintiff to correct typographical errors appearing in his pleadings, and to verify his complaint as required by law. The motion was granted except that the court only struck out paragraph two of the

plaintiff's reply, erroneously called, "Answer to the Defendant's Further Defense and Counterclaim," and entered an order accordingly.

From this order the plaintiff appeals, assigning error.

*Grady Mercer for plaintiff, appellant.*

*Seavy A. Carroll and Lemuel M. Williford for defendant, appellee.*

DENNY, J. It is difficult to understand why the plaintiff appealed from the ruling of the court below on the defendant's motion to strike. He still has in his pleadings his plea with respect to acts of adultery committed by the defendant, for whatever purpose it may serve in connection with any motion that might be made for alimony *pendente lite.* G.S. 50-15; *Medlin v. Medlin,* 175 N.C. 529, 95 S.E. 857; *Oldham v. Oldham,* 225 N.C. 476, 35 S.E. 2d 332. A plea of adultery, however, if found by the court to be true, does not preclude the court from allowing the wife reasonable counsel fees for the prosecution or defense of an action for divorce. G.S. 50-16; *Oldham v. Oldham, supra; Holloway v. Holloway,* 214 N.C. 662, 200 S.E. 436.

The plaintiff contends, however, that no part of his pleadings could be stricken since the motion to strike was not made prior to the filing of the demurrer, citing G.S. 1-153. The appellant seems inadvertent to the fact that when a motion to strike is not made in apt time, the court has discretionary power to allow or deny such motion, and its ruling will not be disturbed on appeal in the absence of an abuse of discretion. *Tucker v. Transou,* 242 N.C. 498, 88 S.E. 2d 131; *Parrish v. R. R.,* 221 N.C. 292, 20 S.E. 2d 299.

The plaintiff excepts to and assigns as error that portion of the order of the court requiring him to verify his complaint as required by law. Evidently, the court had in mind G.S. 50-8 before it was amended. The complaint has been verified in substantial compliance with G.S. 1-145. This is all that is now required in actions for divorce by G.S. 50-8, as amended by Chapter 165 and Chapter 590 of the 1947 and 1951 Session Laws of North Carolina respectively. Hence, the exception seems to be well taken. Therefore, the order will be modified in this respect and affirmed as to the remainder thereof.

Modified and affirmed.

WINBORNE and HIGGINS, JJ., took no part in the consideration or decision of this case.