NANNIE W. McDANIEL, BETTY W. MOORE, KYLE W. SHIPLEY, RUTH
    W. SHIRLEY, HILDA W. RODER AND HUSBAND, RAY RODER, BRUCE
    W. MOORE AND HUSBAND, T. C. MOORE, PEARL W. BREEDLOVE AND
    HUSBAND, L. L. BREEDLOVE, GRACE W. COX AND HUSBAND, ADOLPH
    COX, SYBIL W. BANKS AND HUSBAND, P. N. BANKS v. R. L. FORD-
    HAM AND WIFE, CLARINE W. FORDHAM, HELEN W. MOORE AND
    HUSBAND, MATTHEW MOORE.

(Filed 17 March, 1965.)

**Judgments § 13—**

> The court may not enter a judgment by default and inquiry while de-
> fendant's motion to strike is pending, since if the motion to strike is made
> in apt time it is made as a matter of right, G.S. 1-153, while if it is not
> made in apt time it is addressed to the discretion of the court, G.S. 1-152,
> and in either event it is error for the court to rule that as a matter of law
> plaintiff was entitled to judgment by default for want of an answer, since
> defendant is not required to answer until after the motion to strike has
> been passed on.

APPEAL by defendants from *Peel, J.,* November, 1964 Session, JONES
Superior Court.

The plaintiffs instituted this civil action to impress a parol trust on
certain described lands. The action was instituted on June 6, 1963. The
defendants filed a joint demurrer on June 27, 1963, and on the 8th of
July thereafter, and before hearing on the demurrer, they filed a motion
to strike designated portions of the complaint. At the September ses-
sion, 1963, the court entered judgment sustaining the demurrer and dis-
missing the action. This Court, on appeal, reversed the judgment. This
Court's opinion was certified to the Superior Court on April 3, 1964.

On April 13, 1964, the defendants filed a further motion to strike,
incorporating therein the earlier motion which had been filed subse-
quent to the demurrer but which had never been passed on by the Su-
perior Court. On September 25, 1964, while both motions to strike were
still pending, the plaintiffs filed a motion for judgment by default and
inquiry for failure to file an answer. On October 2, 1964, the defendants
filed an answer to the motion for judgment by default and inquiry and
at the same time filed a verified answer to the complaint. The clerk
denied the motion for judgment by default and inquiry. The plaintiffs
appealed from the clerk's order. The cause was entered on the motion
docket for hearing at the November, 1964 session.

In addition to the documentary chronology herein recited, Judge
Peel found that extension of time to file pleadings had not been granted
and "the time for filing pleadings had expired; . . . It further appear-
ing to the Court that G.S. 1-152, G.S. 1-220, and G.S. 1-276 are not
applicable to this situation and that this Court does not have the dis-

cretionary power granted by these statutes; further that the Court has no discretion with respect to consideration or allowance of the defendants' Motion to Strike; and it is of the opinion that the plaintiffs are entitled to their Motion for Judgment by Default and Inquiry as a matter of law."

Judge Peel reversed the order of the clerk, entered judgment by default and inquiry, the inquiry to be executed at the next session of the court. The defendants excepted and appealed.

*Donald P. Brock, Darris W. Koonce for plaintiff appellees.*

*George R. Hughes, Wallace & Langley, Whitaker, Jeffress & Morris by R. A. Whitaker for defendant appellants.*

HIGGINS, J.   In this case the demurrer was sustained in the Superior Court but was overruled in this Court. See 261 N.C. 423, 135 S.E. 2d 22. Thereafter, the proceeding is governed by that part of G.S. 1-131 which requires an answer within 30 days after the receipt of the certificate from the Supreme Court. Otherwise the plaintiff shall be entitled to judgment by default final or default and inquiry, according to the course and practice of the court. Based upon the foregoing, Judge Peel concluded that he was without power to allow an answer or other act to be done after the expiration of thirty days from the date the mandate was received from the Supreme Court.

Within ten days after this Court's decision was certified down, the defendants filed their second motion to strike. Both were pending and undisposed of when Judge Peel entered the judgment by default and inquiry as a matter of law.

The defendants, in their assignments of error, rely upon the proposition that the court, if not as a matter of right then as a matter of discretion, had authority to allow the answer as provided in G.S. 1-152. "The judge may likewise, in his discretion, and upon such terms as may be just, allow an answer or reply to be made, *or other act to be done,* after the time limited, or by an order may enlarge the time." Interpreting the above section, this Court, in *Tucker v. Transou,* 242 N.C. 498, 88 S.E. 2d 131, said: "But when a motion to strike is not made in apt time, the court has discretionary power to allow or deny such motion, and its ruling will not be disturbed on appeal in the absence of an abuse of discretion." *Bolin v. Bolin,* 242 N.C. 642, 89 S.E. 2d 303; *Parrish v. Railroad,* 221 N.C. 292, 20 S.E. 2d 299. Before the time to plead has expired, a motion may be made as a matter of right. When made thereafter, it is a matter of discretion. *Hill v. Stansbury,* 221 N.C. 339, 20 S.E. 2d 308; *Brown v. Hall,* 226 N.C. 732, 40 S.E. 2d 412.

Conceding the first motion to strike was not filed in apt time, having been filed after the demurrer, how about the second motion which was filed after the demurrer had been removed from the case by the order of this Court? It was certainly filed during the time allowed for answer and before answer. "The statute G.S. 1-153, under which the defendant's motion to strike was made, provides: . . . The defendant lodged his motion before answer, demurrer, or extension of time to plead. This being so, he may claim the benefits of the statute as a matter of right, rather than of grace." *Daniel v. Gardner,* 240 N.C. 249, 81 S.E. 2d 660. If the motion was timely filed, or if allowed to be filed as a matter of discretion, the defendants were not required to answer until the motion was passed on by the judge. *Heffner v. Jefferson Standard Life Ins. Co.,* 214 N.C. 359, 199 S.E. 293.

We pose but do not find it necessary to answer the question whether the defendants filed their second motion to strike in apt time and as a matter of right.

The record discloses with certainty that Judge Peel acted under what he conceived to be the compulsion of law in overruling the clerk and entering the judgment by default and inquiry. If it be determined that the second motion to strike was timely filed, the answer was not due until the motion was allowed or denied, assuming it was not void on its face. In such event the court was without power to enter judgment by default and inquiry. On the other hand, if it be determined the motion was not timely filed, nevertheless the court has discretionary power to allow it and, likewise, to allow the filing of the answer. In any event the court committed error in entering the default and inquiry judgment as a matter of law. For that reason, the judgment of the Superior Court is

Reversed.