JOHN NETHERTON and others *v.* W. G. CANDLER, Administrator, and others.

### *Pleading—Demurrer—Amendment—Jurisdiction.*

1. Where a complaint, in an action brought by legatees and devisees under the will of A against the next-of-kin and heirs-at-law of A, (the executor of A being dead and there being no administrator d. b. n. or administrator of the executor) alleged that A died siezed and possessed of a large number of tracts of land of large size (without otherwise describing them), located in four different counties and of great value, and possessed of large personal property and effects, all of which was directed to be sold by the executor; that the executor had fraudulently obtained releases from the plaintiffs of their interest in the estate (without describing the instruments of release or the interest of plaintiffs); that such of the lands as had not been sold by the executor had descended to the heirs-at-law, the defendants, who were therefore tenants in common with plaintiffs, and prayed for an account and settlement and partition; *It was held,* that the complaint was demurrable.
2. In such case it was error in the Court below to overrule a demurrer to the complaint and allow the plaintiffs to amend; the demurrer should have been sustained, and the plaintiffs required to pay costs, and then it was within the discretion of the Court to allow the plaintiffs to amend the complaint.
3. In such case the action was properly brought to the Superior Court in term time.

CIVIL ACTION, tried at Fall Term, 1877, of BUNCOMBE Superior Court, before *Schenck, J.*

The facts sufficiently appear in the opinion delivered by Mr. Justice READE. Defendants demurred to the complaint. Demurrer overruled. Appeal by defendants.

No counsel for plaintiffs.
*Mr. J. H. Merrimon* for defendants.

READE, J. The action is by the devisees and legatees of the late Zachariah Candler, deceased, for a settlement of the

estate. George W. Candler was the executor of the will, and died intestate and no administrator *de bonis non* with the will annexed of Zachariah Candler had been appointed, and no administrator of George W. Candler had been appointed.

In this state of things the plaintiffs brought this action against the defendant's children, and next of kin, and heirs at law of George W. Candler, deceased.

The complaint alleges that Zachariah Candler died seized and possessed of a large number of tracts of land of large size, without otherwise describing them, located in four different Counties, and of large value; and possessed of large personal property and effects, all of which was directed to be sold by the executor; that a large portion was sold by the executor; that the executor had fraudulently obtained releases from the plaintiffs of their interest in the estate without describing the instruments of release, or their interest; that such of the lands as had not been sold by the executor, had descended to his heirs at law, the defendants, who were therefore tenants in common with plaintiffs; and praying for an account and settlement, and partition.

It will be observed how entirely inartificial and insufficient the complaint is. To dismiss it, would be according to the course and practice of the Courts, strictly speaking; but the parties are numerous, and it would be expensive and dilatory to begin again, and the defects may be cured by amendments, saving the defendants from all costs.

Upon coming in of the complaint, the defendants demurred; 1st.—for want of parties; 2d.—for multifariousness; 3d.—for want of jurisdiction; 4th.—that there was no administrator *de bonis non* with the will annexed of Zachariah Candler. His Honor overruled the demurrer, and allowed the plaintiffs to amend.

This was error. He should have sustained the demurrer,

and required the plaintiffs to pay costs.   And then instead of dismissing the case, he might in his discretion have allowed the plaintiffs to amend.

Upon sustaining a demurrer to a complaint, it is usual in this Court to dismiss the complaint; otherwise in demurrer to answer.   But as His Honor allowed an amendment curing an important defect by making the administrator *de bonis non* with the will annexed of Zachariah Candler, a party, and as the plaintiffs are entitled to an account, the case will be remanded to the end that all proper amendments may be made in the discretion of His Honor, if they shall be moved for, and that such further proceedings may be had as the law allows.

We are of the opinion that the action was properly commenced in the Superior Court in Term, as more is asked for than the Probate Court has jurisdiction of, as for instance, the cancellation of the releases fraudulently obtained by the executor, in regard to the fund of which an account is sought.

The plaintiffs are cautioned that their complaint is in no frame for final relief.

There is error.   The case will be remanded, and this opinion certified.   The defendants will recover costs in this Court.

  Error.

PER CURIAM.                    Judgment accordingly.