## W. S. BARNES v. W. T. CRAWFORD.

*Action for Slander—Slanderous Words—Forgery, What Constitutes—Practice—Amendment of Complaint After Demurrer Sustained—Discretion of Judge.*

1. To constitute actionable slander the words must impute the commission of an infamous offence, but when it appears from all that was said at the time the words were spoken that they had relation to a transaction that was not criminal, and that they must have been so understood by the hearers, the action cannot be sustained.

2. Forgery is the signing by one without authority, and falsely and with the intent to defraud, the name of another to an instrument which, if genuine, might apparently be of legal efficacy, or the foundation of a legal liability.

3. The false signing of the name of a candidate for Congress to a favorable response to a "demand" by certain electors, whereby he is placed in the attitude of agreeing to favor certain proposed legislation, is not indictable forgery, since he could not be made liable to any legal proceeding for a breach of the same, if his signature were genuine. Hence, a charge that the one so signing such instrument was a "forger" is not actionable slander.

4. It is solely within the discretion of the Judge below to allow an amendment to a complaint after a demurrer thereto has been sustained.

This is a CIVIL ACTION for damages caused by the use of alleged slanderous words, heard on complaint and demurrer by *Hoke, J.*, at February Term, 1894, of WAKE Superior Court.

The plaintiff appealed from the judgment sustaining the demurrer and refusing an amendment to the complaint.

*Messrs. W. J. Peele* and *W. A. Montgomery*, for plaintiff (appellant).
*Mr. F. H. Busbee*, for defendant.

MACRAE, J.: The slanderous words alleged to have been spoken by defendant are: " I did not sign the demand num-

bered six on the said card.   My name has been forged to it by Barnes" (meaning the plaintiff).   " Otho Wilson, and others got it (meaning the card) up, and they are forgers, frauds and liars.   They (meaning the plaintiff and others) have forged my name to the card."

We give this sentence with the punctuation as appears in the record.   It might in some case be necessary to send down for the original, but we do not deem it to be so here.

Without entering into a consideration of the nice distinctions which have been made as to the grade of the offence at common law and by statute, we take it that to call a man a forger in this State is an actionable slander.   *McKee* v. *Wilson,* 87 N. C., 300, and cases there cited.   But if these words were so coupled with others in explanation, that they must of necessity apply only to a further charge of some specific act, it would be necessary to pursue the inquiry as to whether the act so charged to constitute him a forger would, if true, amount to such offence.

"An action of slander cannot be maintained for words which impute a crime, where, from all that was said at the time the words were spoken, it appears that the words had relation to a transaction that was not criminal, and that they must have been so understood by the hearers." *Brown* v. *Myers,* 40 Ohio St., 99 ; 13 Am. and Eng. Enc. of Law, 387.   To constitute actionable slander, the words must impute the commission of an infamous offence.   It is true that this offence need not be punishable in this State, as was held in *Shipp* v. *McCraw,* 3 Murphy, 463.   By reference to the opinion of Chief Justice TAYLOR in that case, it will be found that every instance cited by him was that of the charge of an infamous crime, punishable where it was alleged to have been committed.   Judge HENDERSON said in his concurring opinion : " The gravamen in an action of slander is social degradation.   The risk of punishment and the rule to test the question whether the words be or be not actionable,

to-wit, does the charge impute an infamous crime, is resorted to to ascertain the fact whether it be a social degradation, and not whether the risk of punishment be incurred. And this rule is the test of that, for those who are punished for infamous crimes are degraded from their rank as citizens; they lose their privileges as freemen, their *liberam legem*, and are no longer *boni et legales homines.* No other degradation will give an action," etc.

Is it then an infamous offence under the law of North Carolina to falsely sign the name of another to the paper known as the sixth demand, which reads as follows:

" 6. That Congress issue a sufficient amount of fractional paper currency to facilitate enchange through the medium of the United States mail.

" I approve of the above demand, and, if elected, will endeavor to have it enacted into a law. I also approve of the purpose of the bill introduced into the United States Senate by Senator Vance, and known as the Sub-treasury Bill; and if it is not shown to be unconstitutional, I will vote for it and advocate its passage, and in the event it is shown to be unconstitutional, then I will introduce and advocate a bill to abolish bond warehouses for whiskey, etc., and also a bill to abolish the National Banks, in accordance with the first demand on this card.

" Witness, _____.            (Signed)            _____."

Forgery is defined to be the signing by one without authority, and falsely, and with intent to defraud, the name of another to an instrument which, if genuine, might apparently be of legal efficacy, or the foundation of a legal liability. 3 Rice on Ev., 487.

An instrument in writing of which forgery can be predicated is one which, if genuine, could operate as the foundation of another man's liability, or the evidence of his rights; such as a letter of recommendation of a person as a man of

property and pecuniary responsibility, an order for the delivery of goods, a receipt, or a railroad pass, as well as a bill of exchange, or other express contract. 3 Greenleaf on Ev., 103.

But to constitute an indictable forgery, it is not alone sufficient that there be a writing, and that the writing be false : it must also be such as, if true, would be of some legal effi- cacy, real or apparent, since otherwise it has *no legal tendency to defraud.* 2 Bishop Cr. Law, sec. 533.

So, whether the word "instrument," or "document," or "writing," be used, it will always be found coupled, as in Newell on Def., p. 141, with the *intent to defraud.*

Now we all know that it is impossible to give an exact definition of the word fraud or defraud, but Webster gives as good a definition of fraud, as understood *in law,* as can be found : "An intentional perversion of truth for the purpose of obtaining some valuable thing or promise from another." The controlling idea always being that the instrument, if true, would be the foundation of some legal liability.

We are of the opinion that the false signing of this paper would not be forgery, because the defendant could not be made liable to any legal proceeding for the breach of the same, if his signature had been genuine.

After the demurrer was sustained and judgment rendered, the plaintiff moved to be allowed to amend his complaint, so as to allege injury to him in his office by the words spoken as set out in "Exhibit A." Motion overruled, and the plain- tiff excepted.

This was a matter within the discretion of the Judge below, and with which we are not permitted to interfere. Section 272 of *1 he Code* has been often construed to give to the defendant, after a demurrer interposed by him in good faith has been overruled, the right to answer over, but it has never been extended to the plaintiff as a right to amend his com- plaint. See Clark's Code, and cases there cited under this section.

In *Netherton* v. *Candler*, 78 N. C., 88, his Honor overruled the defendant's demurrer and allowed the plaintiff to amend his complaint. The Court held it error, and said he ought to have sustained the demurrer and required the plaintiff to pay the costs; and then, instead of dismissing the case, he might, *in his discretion*, have allowed the plaintiff to amend. "Any pleading may be once amended, of course, without cost and without prejudice to the proceeding, already had, *at any time before the period for answering it expires.*" *The Code,* § 272.

" The defendant shall appear and demur or answer at the same term to which the summons shall be returnable, otherwise the plaintiff may have judgment by default." *The Code,* § 207. The summons was returnable to October Term, 1893, at which term the defendant's time to answer was extended thirty days, within which extended time he demurred instead of filing an answer.

The amendment, of course, of the complaint could have been made of right at any time before the expiration of the thirty days. An amendment could not have been made after that time without prejudice to the proceedings already had, for the defendant had a right to have his demurrer heard, and, as we have said, it was entirely within the discretion of the presiding Judge to permit an amendment to the complaint after the demurrer was sustained. There is no error, and the judgment is affirmed.

Affirmed.