F. L. WHITAKER v. THE CITY OF TOPEKA AND R. B.
McMASTER.

**No. 606.** ( 59 Pac. 668.)

OFFICE AND OFFICERS — *Right of De Jure Officer to Emoluments.*
The salary of an office belongs primarily to the officer *de jure*
who is ready and willing to perform its duties, and where the sal-
ary in controversy has not been paid to either claimant it may be
recovered from the municipality by such *de jure* officer, and he
has no claim against an officer *de facto* therefor.

Error from the Shawnee district court; Z. T.
HAZEN, judge. Opinion filed January 4, 1900. Af-
firmed.

*Frank Herald*, and *Isenhart & Alexander*, for plaintiff
in error.

*Ferry & Doran*, and *W. A. S. Bird*, for defendants in
error.

The opinion of the court was delivered by

WELLS, J.: Prior to August 3, 1895, Frank Herald
was the legally qualified and acting commissioner of
elections for the city of Topeka. Upon said day the
governor of the state legally issued an order removing
him from said office, and R. B. McMaster was duly
appointed to fill the unexpired term. McMaster quali-
fied and demanded possession of the office, which was
refused, and an action of *quo warranto* was brought in
the supreme court, said Herald ousted from office on
December 7, 1895, and McMaster installed therein.
During the period between August 3 and December 7,
1895, Herald held said office and performed all the
duties thereof, over the protest of McMaster, who was
during the whole time ready and willing to take pos-
session of the office and perform its duties. Neither

party has been paid by the city for the services during the interval, and the main question in this case is which, if either, was entitled to the salary.

For reasons of public policy the acts of an officer *de facto* are recognized in law to be valid and effectual so far, and only so far, as they affect the public and third persons. But the right to the emoluments pertaining to an office depends upon the right to the office, and an officer *de jure* is, as a general rule, entitled to the salary from the time he was entitled to the office and demanded it. See *McCue v. The County of Wapello*, 56 Iowa, 698, 10 N. W. 248; *Comstock v. Grand Rapids*, 40 Mich. 397, and *Dolan v. Mayor*, 68 N. Y. 274.

The authorities generally agree that where the salary has been paid to the officer *de facto* it cannot be collected from the municipality again by the officer *de jure*, for reasons of public policy, but the remedy of the rightful claimant is against the one who has wrongfully received the money. (*Comm'rs of Saline Co. v. Anderson*, 20 Kan. 298.)

This also disposes of the second contention of the plaintiff in error, that McMaster's right of action was against Herald and that it was adjudicated in the proceedings in the supreme court. Herald had not collected the salary for the time he had unlawfully retained the office and it was due directly from the city to the rightful claimant.

The judgment of the district court is affirmed.