On 24 June, 1929, the plaintiff issued a summons against the defendant and said summons and the complaint attached thereto was duly served on 27 June, 1929. The complaint alleged that the defendant was indebted to the plaintiff in the sum of $687.07 with interest, and that said indebtedness grew out of an automobile transaction. Without notice to the defendant, the plaintiff applied to the deputy clerk of the Superior Court on 12 August, 1929, for permission to amend the complaint by inserting therein an allegation of fraud on the part of defendant in contracting the indebtedness sued for in the complaint. This order was granted, but the order and amended complaint was lost in the clerk's office and never served upon the defendant. Thereafter, on 16 June, 1930, the plaintiff, without notice to the defendant, obtained an order from the assistant clerk starting that the former order and amended complaint be filed and served on the defendant, and that the cause be tried on the complaint, the substituted amended complaint and such pleadings as the defendant may file. This order and amended complaint was duly served on 20 June, 1930.
The defendant made no appearance and filed no answer, and thereafter at the October Term, 1930, the cause was submitted to the jury *Page 710 
upon issues of indebtedness and fraud, and both said issues were answered in favor of plaintiff. Judgment was entered upon the verdict, and on 6 November, 1930, execution was duly issued.
Thereafter, the defendant made a motion to set aside the judgment at the December Term, 1930. After a hearing the following judgment was entered:
"This cause coming on to be heard and being heard in Chambers before his Honor, F. A. Daniels, upon motion of the defendant to set aside the judgment heretofore entered against the person of the defendant at the October Term, 1930, of the Superior Court of New Hanover County the court finds the following to be the facts:
This action was commenced in the Superior Court of New Hanover County by the filing of a duly verified complaint and the issuance of summons on 24 June, 1929. Said summons and complaint were duly served upon the defendant on 27 June, 1929, by leaving a copy of said summons and complaint with defendant. The complaint stated a cause of action for breach of contract against the defendant and asked for judgment in the sum of $687.07, with interest from 10 October, 1928.
On 12 August, 1929, no answer or other pleading to the original complaint having been filed the plaintiff without notice, written or verbal, asked leave of the clerk to file an amended complaint reiterating the allegations of the first complaint and fully setting up therein fraud on the part of the defendant in contracting the indebtedness sued for in the first complaint. The amendment to the complaint was allowed and an order to that effect signed by M. J. Shuffler, assistant clerk of the Superior Court of New Hanover County. This amended complaint was lost or mislaid in the office of the clerk of the Superior Court and the record does not show that any notice of request to amend the complaint was ever served on the defendant and the court finds that no such notice was served.
In the spring of 1930, plaintiff's attorney, in looking over papers preparatory to calendaring the case for trial discovered that the order allowing filing of the amended complaint and the amended complaint were not in the papers. Thereupon, the plaintiff applied to the court without notice, written or verbal, for leave to substitute a duly verified copy of amended complaint and to have same served on the defendant. Pursuant to this request and without notice to defendant on 16 June, 1930, an order signed by the assistant clerk of the Superior Court, finding as a fact that an order allowing the filing of an amended complaint and the filing of said amended complaint had been signed and allowed on 12 June, 1929, and that the duly signed and filed order and amended complaint had been lost or mislaid and could not be found, authorized the filing of a duly verified substitute amended complaint. *Page 711 
This verified complaint, reciting on its face that it was filed under leave of court duly had, was duly served on the defendant on 20 June, 1930, and specifically and fully charged the defendant with fraud in contracting the debt and asked for judgment against the person and a like execution in the event execution against the property was returned unsatisfied.
The defendant filed no answer or other pleading to either the original complaint, the amended complaint or the substituted amended complaint and made no appearance at the trial of the case. The court finds that the allegations of the amended complaint were sufficient to put the defendant on notice that he was charged with fraud in contracting the indebtedness. The court also finds that the defendant had ample time to plead to the amended complaint before the trial of the case.
The cause was duly calendared for trial at the October Term, 1930, of the Superior Court of New Hanover County commencing 13 October, 1930. The case came on for hearing before Daniels, judge, and a jury, on 20 October, 1930. Evidence was introduced by the plaintiff sufficient to go to the jury upon the question of breach of contract and fraud in contracting the indebtedness. Upon the close of the evidence and after charge of the court the case was submitted to the jury upon the two following issues:
1. In what amount, if any, is the defendant indebted to the plaintiff?
2. Was the defendant guilty of fraud in contracting said indebtedness?
The jury took the case and returned a verdict answering the first issue $687.07, with interest from 10 October, 1928 — and the second issue, Yes.
Thereupon, judgment was tendered and signed in accordance with said verdict. No motion to set aside the verdict or appeal from the judgment was taken by the defendant. After the adjournment of the court plaintiff issued execution against the property of the defendant and same was returned unsatisfied. Thereupon, plaintiff's attorney on 7 November, 1930, wrote defendant that the judgment in the case authorized execution against the person and that same would be issued unless the judgment was complied with.
As a result of this letter the defendant, for the first and only time, appeared in court on 10 November, 1930, for the purpose of moving to set aside said judgment on the ground that the same was irregular because no notice of application to file an amended complaint had been served on him and that he was taken by surprise and excusable neglect.
Defendant filed affidavits setting up a meritorious defense, and the court finds that, for the purpose of this motion, the defendant has a meritorious defense. The court further finds that the amended pleading was not filed for the purpose of delay and that the defendant did not *Page 712 
lose the benefit of a term for which the cause might have been docketed. The court further finds that there was no excusable neglect and that the defendant was not taken by surprise. The court further finds that the deputy clerk of the Superior Court who signed the orders and allowed the filing of the amended complaint is beyond the jurisdiction of the court and by reason of the fact that his whereabouts are unknown cannot be reached by process of the court.
Upon the foregoing facts it is ordered and adjudged, as a matter of law, that the judgment heretofore entered against the person of the defendant be vacated and set aside upon the ground that the same was irregular in that no notice of application to file an amended complaint was served on the defendant and that the service of the duly verified amended complaint on the defendant did not cure, nor did defendant's failure to answer waive, this irregularity.
By consent of counsel, this judgment is signed at December Term, 1930, and the facts found by the court, as hereinabove set out, and this judgment shall constitute the case on appeal."
From the foregoing judgment setting aside the judgment of the Superior Court at the October Term, 1930, the plaintiff appealed.
C. S., 545 provides for amendments to pleadings. In the case at bar no effort was made to amend the pleadings before the time for answering expired. After the time for answering has expired it has been the uniform practice to apply to the court for permission to amend. This application may be oral or written, but notice of such motion is required unless made during a term of court at which the action stands for trial. When such motion is made at the trial term the parties are presumed to be present, and hence notice is unnecessary.
C. S., 912, provides that the notice of a motion must be served ten days before the time appointed for the hearing unless the court or judge by order shall fix a shorter time. The trial judge finds as a fact that on 20 June, 1930, a verified complaint "reciting on its face that it we filed under leave of court duly had, was duly served on the defendant on 20 June, 1930, and specifically and fully charged the defendant with fraud in contracting the debt and asked for a judgment against the person and a like execution in the event execution against the property was returned unsatisfied." The court further found that the allegations in the amended complaint "were sufficient to put the defendant on notice that he was charged with fraud in contracting the indebtedness." The court further found that the "amended pleading was not filed for the *Page 713 
purpose of delay, and that there was no excusable neglect, and that the defendant was not taken by surprise." It was also found that the defendant had a meritorious defense.
If it be conceded that the order of 12 August, 1929, permitting the plaintiff to amend the complaint and charge fraud, was irregularly made because no notice was given, still it is manifest that when the amended complaint was actually served on the defendant on 20 June, 1930, he was fully apprised of the nature of the suit. Notwithstanding, he made no appearance and filed no answer for a period of four months, and until execution was served upon him by the sheriff. Then for the first time he lodged a motion to set aside the judgment.
Upon the facts found by the trial judge, it is obvious that the defendant waived the irregularity complained of.
The controlling principle of law was thus stated in Ins. Co. v. Scott,136 N.C. 157: "Equitable relief will not be granted to a party against a judgment because of good ground (even) of defense of which he was ignorant till after judgment rendered, unless he shows that by the exercise of reasonable diligence he could not have discovered such defense in time for the trial, or that he was prevented from the exercise of such diligence by fraud or surprise on the part of the opposing party, or by accident or mistake unmixed with the negligence on his part."
So, in the case at bar, the defendant had a good defense, but he never attempted to assert it for more than four months after notice of the charge of fraud laid against him; nor does it appear that he employed an attorney or took any steps whatever to protect his rights. The Court is, therefore, of the opinion that the trial judge was without power to set aside the judgment as a matter of law. McIntosh North Carolina Practice Procedure, 520-21; Jones v. Jones, 173 N.C. 279; McLaughlin v. R. R., 174 N.C. 182.
Reversed.