STATE OF NORTH CAROLINA, Ex Rel. WAY KINSLAND; TOWN OF CANTON and WAY KINSLAND, Tax Collector, v. J. D. MACKEY.

(Filed 1 May, 1940.)

**Public Officers § 6—Where term of an office is not fixed by statute or Constitution, power to remove is an incident to the power of appointment.**

Where the term of a public office is not fixed by statute or the Constitution, the appointing authority has the power, as an incident to the power of appointment, to remove its appointee at will without cause, notice or hearing, and the removal may be implied by the appointment of another to the office, and such power of removal cannot be contracted away and is unaffected by the fact that the appointing authority makes an appointment for a specified term. Under this principle, the board of aldermen of the town of Canton *is held* to have authority to remove the city tax collector appointed by them for a term of two years by appointing another to this office prior to the expiration of the term of the first appointee.

APPEAL by plaintiff from *Alley, J.,* at September Term, 1939, of HAYWOOD.

Civil action in the nature of *quo warranto* to try title to office of tax collector of the town of Canton, North Carolina.

The charter of the town of Canton, a municipal corporation organized and existing under and by virtue of chapter 90 of Private Laws of 1907, and acts amendatory thereto, provides for a governing body of said town to consist of a mayor and three aldermen to be elected at an election to "be held on Tuesday after the first Monday in May, 1907, and biennially thereafter." The board of aldermen is given "the power to appoint or elect a constable or marshal, clerk, treasurer, tax collector, special policemen and such other officers and agents as may be necessary to enforce the ordinances and regulations of the town as provided by law," but the terms of office for such appointees are not fixed by the act.

Plaintiff alleges substantially these facts: That by appointment or

election duly made in special meeting of the governing body of the town of Canton, held on 30 June, 1939, he is the duly appointed or elected tax collector of said town; that the defendant having first been elected or appointed tax collector of said town by its governing body on 27 September, 1937, was continued as such by the governing body of said town at regular meetings held on 8 May, 1939, and 5 June, 1939; that the appointment of plaintiff on 30 June, 1939, operated as a removal of defendant from said office of tax collector; that, though demand has been made upon defendant to surrender said office and the books and records appertaining thereto to plaintiff, and though at a regular meeting of the said governing body held on 24 July, 1939, defendant, who was present, was ordered to surrender all things pertaining to said office of tax collector to designated certified public accountant and to plaintiff, defendant refused to relinquish the office and to surrender the moneys, books and records belonging thereto; and that "defendant now usurps, intrudes into and unlawfully holds and exercises the office of tax collector of the town of Canton."

Defendant denies that plaintiff is the duly appointed or elected tax collector of the town of Canton, and denies that plaintiff is entitled to the office and the books and records and moneys pertaining thereto. On the other hand, while admitting that he has refused to relinquish the office and to surrender the moneys, books and records appertaining thereto, defendant avers that on 27 September, 1937, he was duly and lawfully elected and appointed by the governing body of the town of Canton as tax collector; that thereafter, at a regular meeting of the mayor and board of aldermen of said town held on 5 June, 1939, he was unanimously re-elected and reappointed tax collector of said town for a fixed and definite term for the ensuing two years; that thereupon he took the oath of office, qualified and entered upon the discharge of the duties of said office, which he now lawfully holds; that his books, records and accounts have been inspected and examined at regular intervals by competent and capable auditors and accountants selected by the governing body of the town, and same have at all times been found to be correct; that no charges of incompetence, misconduct or malfeasance have been made against him by anybody; that he has faithfully and diligently discharged the duties of the office and no cause for his removal has been suggested; and that he is entitled to hold and receive the salary, fees and emoluments of said office.

Upon the trial below plaintiff introduced in evidence extracts from the minutes of the board of aldermen of the town of Canton showing (1) That J. D. Mackey was appointed tax collector at regular meeting on 27 September, 1937; (2) that at meeting on 8 May, 1939, all town employees were retained until further notice; (3) that at regular meet-

ing on 5 June, 1939, "Motion was made by Alderman Hipps, seconded by Alderman McCracken, that J. D. Mackey be appointed as tax collector. Motion carried"; (4) that at special meeting on 30 June, 1939, "Motion made by Alderman Westmoreland, seconded by Alderman McCracken, that Way Kinsland be appointed as tax collector at $145 per month. . . . Motion carried. Alderman Hipps voting 'No' on this motion"; and (5) that at regular meeting on 24 July, 1939, "Motion made by Alderman McCracken, seconded by Alderman Westmoreland, that W. Bowen Henderson, C. P. A., is requested and authorized to received from Mr. J. D. Mackey all moneys and things now in his custody and possession as tax collector and deputy clerk of the town of Canton, and to transfer all moneys and things so received immediately to Mr. Way Kinsland. . . . Motion voted two for and one (Hipps) against."

Defendant offered evidence tending to show that pursuant to his appointment on 5 June, 1939, he took the oath of office and entered upon the faithful discharge of the duties thereof and that he is now under bond required of him as tax collector. Further, by cross-examination of witnesses for plaintiff and through testimony of witnesses introduced in his behalf, defendant, over objection by plaintiff, introduced much oral testimony tending to show that at the regular meeting on 5 June, 1939, defendant was actually elected or appointed tax collector for a term of two years—and further tending to show that for a long period of time the custom has prevailed in the town of Canton for the tax collector to serve during the incumbency of the board of aldermen by whom appointment was made. In reply, plaintiff, by cross-examination of witnesses for defendant and through the testimony of his own witnesses, undertook to refute the evidence thus offered by defendant. Defendant further offered evidence tending to show that he had performed the duties of the office of tax collector faithfully and efficiently, and that no charges of any kind have been made against him by anybody.

The case was submitted to the jury upon this issue: "Does the defendant, J. D. Mackey, wrongfully withhold the office of tax collector of the town of Canton from the relator, Way Kinsland, as alleged in the complaint?" The jury answered "No." From judgment thereon in favor of defendant, plaintiff appeals to Supreme Court and assigns error.

*Morgan & Ward for plaintiffs, appellants.*
*W. R. Francis and F. E. Alley, Jr., for defendant, appellee.*

WINBORNE, J. These are the determinative questions on this appeal: Where the Legislature has granted to the governing body of the town of Canton the power to appoint a tax collector for said town, but has not

fixed the term of office, and pursuant thereto a tax collector has been appointed, has the governing body which made the appointment the power at its pleasure to remove the appointee? If so, when the governing body has attempted to fix a definite term for which the appointment is made, may such power be exercised?

We are of opinion and hold that both questions must be answered in the affirmative.

The points arise upon exceptions well taken to these portions of the charge: "And if you find they did fix a definite term, that is to say, if you find they did elect J. D. Mackey for a term to expire with their own terms, for two years, or whatever you find the time to be, then he could not be removed by appointing another man in his place, but only could be removed by preferring charges against him and giving him an opportunity to be heard and to make a defense against the charges." Exception 38.

"But if Mr. Mackey, on the night of June 5, 1939, was elected for a definite term, that is, for a term extending throughout the term of the board of aldermen and mayor, then it could not be terminated except upon charges preferred and a hearing had, as I have heretofore explained to you, and if you find that he was elected for such definite term he would be entitled to hold the office and the issue should be answered 'No.'" Exception 42.

The applicable rule, which appears to have been generally and almost universally adopted, is that where the term of office of a public officer is not prescribed by law, the office is held during the pleasure of the authority making the appointment. Likewise, the general rule is that in the absence of all constitutional or statutory provision for the removal of such public officers, the power of removal is incident to the power of appointment, and is discretionary and may be exercised without notice or hearing. 22 R. C. L., 562; 19 R. C. L., 935; 43 C. J., 641. McQuillan on Municipal Corporations (2nd Ed.), Revised Vol. 2, p. 228, sec. 509 (489), Annotations 91 A. L. R., 1097.

These general rules have been applied in well considered decisions by the courts of many states to cases in which the appointing authority has attempted to fix a definite term for the particular office. See Annotation 91 A. L. R., 1097. The trend of these decisions is that the implied power of the appointing authority to remove at pleasure an officer whose term of office is not prescribed by law cannot be contracted away so as to bind the appointing authority to retain an appointee for a fixed period.

Where an office is held during the pleasure of the appointing authority, a removal may be either express, by notification to the officer, or implied, by the appointment of another person to the same office. 19 R. C. L., 935.

Under these principles, no definite term having been prescribed by statute for the office of tax collector for the town of Canton, the appointment of defendant at the regular meeting of the board of aldermen on 5 June, 1939, entitled him to hold the office only at the will or pleasure of the board. And this is true, even though it be conceded that the board by resolution specified that the appointment be for a definite term. Hence, in the absence of constitutional or statutory provision therefor, the board, under the power of removal incident to the power of appointment, had the power to remove the defendant at any time without cause, notice or hearing. The appointment of another, the plaintiff, to the position of tax collector, of which fact defendant had notice, operated as a removal of defendant.

In view of the general rule of law applicable to the facts of this case, it appears unnecessary to advert to exceptions relating to the admission of parol evidence as to what transpired in the meeting of the board at which defendant was appointed, or as to evidence of custom, or to the charge in regard thereto.

In accordance with the principles of law here stated, let there be a
New trial.