JOHN D. BIGGS, AS RECEIVER, ON BEHALF OF HIMSELF AND ALL OTHER CREDITORS OF THE ESTATE OF HUGH A. MOFFITT, v. J. S. MOFFITT, INDIVIDUALLY, AND AS ADMINISTRATOR OF THE ESTATE OF HUGH A. MOFFITT, AND THE FIDELITY & CASUALTY COMPANY OF NEW YORK.

(Filed 11 December. 1940.)

**Pleadings § 21—**

> After time for filing answer has expired, the defendant is not entitled to amend as a matter of right, even though the amendment is not sought for the purpose of delay and even though it will not result in the loss of the benefit of a term of court at which the case might otherwise be docketed for trial, the matter of amending after the time for filing the pleading has expired being addressed to the discretion of the court. C. S., 545.

APPEAL by defendant, The Fidelity and Casualty Company of New York, from *Rousseau, J.,* at 15 April, 1940, Civil Term, of GUILFORD.

Civil action to compel defendants, administrator and surety on his bond, to account for his administration of the estate of Hugh A. Moffitt, deceased.

The case was heard in the trial court on motion of plaintiff to strike from the record an amended answer filed on 24 April, 1940, by the defendant, The Fidelity and Casualty Company of New York. The amended answer so filed is identical with the answer originally filed with the added plea of the three-year statute of limitations.

In regard thereto the court below finds in brief these facts: The action was instituted on 18 September, 1939. By consent order, time for answering was extended to 10 November, 1939. The defendant, The Fidelity and Casualty Company of New York, filed answer on 3 November, 1939; and on 24 April, 1940, filed herein in the office of the clerk

of Superior Court an amended answer, with copy for plaintiff, which reads: "The defendant, The Fidelity and Casualty Company of New York, pursuant to the provisions of the Consolidated Statutes of North Carolina, section 545, files this its first amendment to the answer, which is not filed for the purpose of delay and which is filed at a time when the plaintiff will not thereby lose the benefit of a term for which the cause is or may be docketed for trial." The court, finding the facts to be as thus stated, held as a matter of law that the defendant cannot file this amended answer as a matter of right, and, as a matter of law, allowed plaintiff's motion and ordered the amended answer stricken from the files.

From this order, the defendant, The Fidelity and Casualty Company of New York, appeals to the Supreme Court and assigns error.

*C. L. Shuping and Thomas Turner, Jr., for plaintiff, appellee.*
*Sapp & Sapp for defendant, appellant.*

WINBORNE, J. This appeal presents this question: After the time for answering the complaint has expired, may the defendant, under the provisions of C. S., 545, file an amended answer, as a matter of right?

The decisions of this Court answer "No." McIntosh, N. C. P. & P., p. 512; *Barnes v. Crawford,* 115 N. C., 76, 20 S. E., 386; *Goodwin v. Fertilizer Works,* 121 N. C., 91, 28 S. E., 192; *Discount Corporation v. Butler,* 200 N. C., 709, 158 S. E., 249.

It is proper here to note that this statute is in the main a part of section 131 of the Code of Civil Procedure of North Carolina, ratified in 1868, bearing the heading: "Amendments of course after allowance of demurrer." After slight changes, brought about by amendment, Public Laws 1871-2, ch. 173, and when incorporated in the Code of 1883, it became section 272 of the Code, and so remained until the adoption of the Revisal of 1905. At that time, after deleting unimportant portions, the section was divided and included therein as sections 505 and 506, which are now sections 545 and 546 of the Consolidated Statutes.

As C. S., 545, the statute provides that: "Any pleading may be once amended of course, without costs, and without prejudice to the proceedings already had, at any time before the period for answering it expires; or it can be so amended at any time, unless it is made to appear to the court that it was done for the purpose of delay, and the plaintiff or defendant will thereby lose the benefit of a term for which the cause is, or may be, docketed for trial; and if it appears to the court or judge that the amendment was made for that purpose, it may be stricken out, and such terms imposed as seem just to the court or judge."

This Court, in interpreting the section prior to the adoption of the Revisal of 1905, appears to hold that a pleading may be amended of course, without costs and without prejudice to the proceedings already had, only when done before the time for answering that pleading has expired, and that after time for answering the pleading has expired, an amendment thereto may not be made as of right, but is a matter addressed to the discretion of the court.

In *Goodwin v. Fertilizer Works* (1897), *supra, Faircloth, J.,* said: "The plaintiff sued for a penalty of $200, before a justice of the peace, and the defendant denied the allegations of the complaint and pleaded the statute of limitations. On appeal in the Superior Court the plaintiff asked leave to amend his complaint by inserting a second cause of action, which was refused. He claimed the right, as of course, under the Code, sec. 272. The motion, coming after the time for answering had expired, and after answer had been filed, was too late, as a matter of course. The privilege of amending is at the discretion of the court, and its decision is not reviewable," citing authorities.

Then after the adoption of the Revisal of 1905, the Court adhered to the rule as stated in the *Goodwin case, supra.*

In *Discount Corporation v. Butler* (1931), *supra, Brogden, J.,* speaking for the Court, said: "C. S., 545, provides for amendments to pleadings. In the case at bar no effort was made to amend the pleadings before the time for answering expired. After the time for answering has expired it has been the uniform practice to apply to the court for permission to amend."

In McIntosh, N. C. P. & P., p. 512, treating the subject of "Amendments as of course," the rule is stated thus: "After the time for answering expires, leave of court must be had before an amendment."

As thus construed, the clause "or it can be amended at any time" appearing in the section does not have reference to the right to amend as a matter of course, but means that after the time for answering it has expired, the matter of amending the pleading "without costs and without prejudice to the proceeding already had" is addressed to the discretion of the court, even though the amendment be not for the purpose of delay and be filed at a time when the plaintiff or defendant, as the case may be, will not thereby lose the benefit of a term for which the cause is or may be docketed for trial.

While there may be logic in the earnest argument of counsel for defendant that the statute should be otherwise construed, we think that orderly procedure will best be conserved by adhering to the construction of the statute as heretofore declared by this Court.

The judgment below is

Affirmed.