Two actions — the second (4936) in the nature of quo warranto to try title to office of tax collector of the town; of Canton, North Carolina, and the first (5059) to enjoin the town of Canton and its board of aldermen from paying to Way Kinsland, the relator in the second, salary as tax collector of said town claimed by him de jure for the period during which he alleges the office was wrongfully withheld from him by J. D. Mackey, defendant in the second action.
The two cases as stated in the caption in the record of this appeal are in reverse order of priority in point of time the actions were instituted. The second was instituted 17 August, 1939, by leave of the Attorney-General (C. S., 870 and 871) in the name of the State upon the relation of Way Kinsland, joined by town of Canton, against J. D. Mackey, to try title to office of tax collector of town of Canton, as between Way Kinsland and J. D. Mackey.
The first was instituted on 28 August, 1940, by H. Arthur Osborne, a taxpayer, against the town of Canton and the individuals composing its board of aldermen to enjoin the payment to Way Kinsland of the salary of the office of tax collector for the period during which title to the office was in dispute, upon the ground that J. D. Mackey is the tax collector dejure rather than Way Kinsland.
The record fails to disclose that the two actions were consolidated, but rather it appears that in the court below they were heard together for convenience. The record shows statement of presiding judge that "It is agreed that the evidence offered in the two cases (Nos. 4936 and 5059) shall apply to the two cases and shall constitute the evidence in *Page 142 
both cases, with the exception that the court in hearing the evidence has undertaken to segregate it as it relates to the pleadings in the cases properly filed." The record contains separate statements of the records proper, the evidence, judgments and assignments of error in the two cases, except as to certain oral testimony applicable to both.
Appellees move to dismiss for failure to bring separate records on appeal. Rule 19 of Rules of Practice in the Supreme Court, 213 N.C. 808.
In the complaint in the action in the nature of quo warranto it is alleged in substance that by virtue of appointment or election by the board of aldermen of the town of Canton on 30 June, 1939, the relator, Way Kinsland, is the tax collector of said town and entitled to the office as of that date; that the appointment or election had the effect of removing J. D. Mackey from the office of tax collector of said town to which he was appointed or elected by the said board on 5 June, 1939; that demand had been made upon Mackey to surrender said office to Kinsland; that he had refused the demand, and that he intrudes into and wrongfully withholds the office.
Defendant Mackey, in answer, denies that relator, Way Kinsland, is duly appointed or elected tax collector of said town and denies that the is entitled to the office. On the contrary, defendant avers that on 5 June, 1939, he was duly and lawfully re-elected and reappointed to said office by the board of aldermen of said town "for another and additional term of two years," and, in paragraph 7 of the original answer, while admitting that demand was made upon him to deliver the office and books and records pertaining thereto to Way Kinsland, and further admitting that on 24 July, 1939, at a meeting of the board of aldermen of said town, W. Bowen Henderson, a certified public accountant, was instructed and authorized to receive from him all moneys and things then in his possession as tax collector, and to transfer same to Way Kinsland, he avers that "he refused and still refuses to surrender the said office of tax collector and the books and records appertaining thereto to Way Kinsland or to any other person . . . for the reason that at the time said demands and requests were made on defendant he had theretofore, on the 5th day of June, 1939, been re-elected and reappointed as tax collector of said town, and, by virtue of said re-election and reappointment was lawfully entitled and authorized to hold and retain said office and all books, records, moneys and other things of value appertaining thereto."
On former hearing the case was tried upon the theory manifested by the pleadings — plaintiffs contending that Way Kinsland is rightfully entitled to the office, and defendant contending that the board of alder men elected him for a term of two years from 5 June, 1939, and that, *Page 143 
therefore, it had no authority to remove him on 30 June, 1939, without preferring charges and giving him an opportunity to be heard. The trial judge charged the jury in accordance with theory of defendant. On appeal to this Court, 217 N.C. 508, 8 S.E.2d 598, the Court held that "no definite term having been prescribed by statute for the office of tax collector for the town of Canton, the appointment of defendant at the regular meeting of the Board of Aldermen on 5 June, 1939, entitled him to hold the office only at the will or pleasure of the Board"; that "this is true, even if it be conceded that the Board by resolution specified that the appointment be for a definite term"; further, that "in the absence of constitutional or statutory provision therefor the Board under the power of removal incidental to the power of appointment, had the power to remove the defendant at any time without cause, notice or hearing"; and that "the appointment of another, the plaintiff, to the position of tax collector, of which fact defendant had notice, operated as a removal of the defendant." In accordance with these principles of law a new trial was granted.
When the case came on for hearing at September Term, 1940, defendant Mackey, pursuant to notice, made a motion to be permitted to amend paragraph 7 of his original answer so as to set up, as further reasons for his refusal to surrender the office and to turn over the moneys, books and records pertaining thereto, these averments: (1) That at the time said demands were made upon him neither Way Kinsland nor W. Bowen Henderson, certified public accountant, was a bonded officer of the town of Canton; nor had Way Kinsland taken and filed oath of office and bond conditioned as required by law; (2) that the law required him, Mackey, to make settlement with and to turn over to the treasurer of the town of Canton all moneys, books, receipts, etc., which came into his hands as tax collector during his term of office, and, if he had delivered to another and a loss had occurred, he and his bondsman would have been liable therefor; and (3) that "Way Kinsland never filed any bond as tax collector of the town of Canton with the treasurer of said town until on or about the 3rd day of September, 1940." The record shows "Motion denied. Defendant excepts." In the judgment entered from which appeal is taken, it is stated "that the court . . . denied the motion to amend, all in the court's discretion."
After the evidence was closed, defendant requested the court to find as a fact: "That from June 30, 1939, to September 3, 1940, the relator, Way Kinsland, never filed with any officer of the town of Canton a bond as required by the statute, and the town charter, and that upon the foregoing finding of fact it is adjudged as a matter of law that the relator, Way Kinsland, was never qualified as tax collector of the town of Canton and, therefore, not entitled to the emoluments of that office from June 30, *Page 144 
1939, to September 3, 1940." The court declined to do so "for that there is no allegation in the answer of the respondent setting up that defense, and evidence offered without allegation is held by the court to be unavailing." Defendant excepts.
Thereupon, defendant moved the court to be allowed to amend his answer "to set up that Way Kinsland, the relator, never filed any bond in this action as tax collector of the town of Canton, as required by statute, and therefore was never duly qualified as tax collector of the town of Canton. That the pleadings conform to this evidence." The "motion is found by the court to be the same or a similar motion as offered heretofore and disallowed by the court in its discretion." Defendant excepts.
Defendant now moves in this Court to be permitted to amend his answer in accordance with amendment as first proposed in Superior Court, as above set forth. C. S., 1414.
Upon the retrial, a jury trial being waived, the court finds, among others, substantially these facts: (1) That at a special meeting of the board of aldermen of the town of Canton held on 30 June, 1939, upon motion, duly seconded, and by a two-to-one vote, W. Bowen Henderson, certified public accountant, was "requested and authorized to receive from Mr. J. D. Mackey all moneys and things now in his custody and possession as tax collector and deputy clerk of the town of Canton, and to transfer all moneys and things so received immediately to Mr. Way Kinsland"; (3) that on 3 September, 1940, in paper writing addressed to the mayor and board of aldermen of the town of Canton, defendant J. D. Mackey tendered his resignation as tax collector of said town, without prejudice, effective 1 September, 1940, and requested pay for his services "for the past twelve months and also for extra services rendered on the tax scroll set up in 1939" as indicated; (4) that on the same date the board accepted the resignation of J. D. Mackey "as a surrender of the office in accordance with the former orders of the board, but without prejudice to the rights of the board, and without obligation to pay the salary of the said J. D. Mackey during the period since Way Kinsland was elected."
Upon these findings of fact the court concludes that on 30 June, 1939, the board of aldermen of the town of Canton had the authority to appoint Way Kinsland as tax collector of said town and to remove defendant, J. D. Mackey, from said office; that its acts and deeds in respect thereto in the meeting on 30 June, 1939, were in all respects valid and enforceable; and that "Way Kinsland, in so far as the pleadings and the evidence bottomed thereon show is properly qualified as tax collector for *Page 145 
said town, and having properly qualified, he is, as a matter of law, the tax collector for said town, and was at all times entitled to the books and records thereof and in line therewith to the emoluments of said office"; and, thereupon, adjudges that Way Kinsland is the duly elected and qualified tax collector of the town of Canton, and is entitled to be inducted into such office under said appointment and receive the emoluments thereof, and that defendant "pay the costs of the action and that his bond heretofore executed in defense of this action be amenable to process for the collection thereof."
Defendant appeals therefrom to Supreme Court and assigns error.
In the Osborne Case: Plaintiff alleges, in the main upon information and belief, briefly stated, that on 5 June, 1939, J. D. Mackey was duly elected as tax collector of the town of Canton for a term of two years, and has entered upon and performed the duties of the office; that on 30 June, 1939, the board of aldermen had no authority to remove him and to appoint Way Kinsland in his place; that J. D. Mackey has refused to surrender the office; that in the trial of the action to try title to the office a verdict was rendered in favor of Mackey and on appeal to Supreme Court a new trial was ordered and the case is now pending in Superior Court of Haywood County; that J. D. Mackey tendered his resignation effective 3 September, 1940; that defendants are threatening and intend to induct Way Kinsland into the office and to pay, and unless restrained, will pay to him the salary of tax collector of the town of Canton for the period from 30 June, 1939, to 3 September, 1940, at the rate of $145.00 per month.
While defendants, in answer thereto, aver the facts to be substantially as alleged in the complaint in the action in the nature of quo warranto, they deny any lack of authority to remove J. D. Mackey as of 30 June, 1939, or to appoint Way Kinsland, and assert that on that date Way Kinsland was duly appointed as tax collector in place of J. D. Mackey. They further aver that, upon the institution of the said action on relation of Way Kinsland, being of opinion that "J. D. Mackey was not entitled to the office, and, therefore, not entitled to the emoluments thereof, refused to pay him any salary from and after the first day of September, 1939," and now hold same to be paid to the party whom this Court in said action shall determine is entitled thereto.
Upon the hearing pursuant to notice to show cause why the temporary injunction should not be continued, the court, from affidavit and oral testimony offered, "involving substantially the same evidence" as in action in the nature of quo warranto, finds, in addition to facts found in that action, among others, these pertinent facts: (1) That following the election of Way Kinsland as tax collector on 30 June, 1939, demand was made on J. D. Mackey to turn over to his successor in office such property *Page 146 
and records belonging to the town of Canton as he possessed as former tax collector, and, upon such demand, "refusal came about"; (2) that on 25 July, 1939, Way Kinsland filed with the board of aldermen the oath of office and on said date gave to the mayor of the town the application for his bond in the sum of $4,000 with the American Surety Company as prospective bondsman; (3) that for many years prior thereto, as permitted by statutes, the town, through its board of aldermen, paid the costs of bonds of its employees and officials, and that on 25 July, 1939, after J. D. Mackey "reasserted his desire and determination to retain the office" by refusing to surrender same to his successor, Way Kinsland, the mayor advised Way Kinsland that, as the town did not want to pay for two bonds on the same office, he had best do nothing further about the bond other than to make application until it could be determined who is lawfully entitled to the office of tax collector; (4) that if J. D. Mackey had vacated the office the mayor would have taken the application from Way Kinsland and secured the bond for him, and that the surety company, through its Canton agent, would have written the bond acceptable to the town authorities. (To this finding defendant excepts); (5) that, though the town joined with Way Kinsland in the action in the nature of quo warranto, to try title to the office, and during the pendency of same, the town, in order in order to preserve its finances, permitted a renewal of the bond of J. D. Mackey, but the court finds that "this was not any recognition on the part of the town that he was the duly qualified tax collector, but only to preserve the assets of the town and to make safe the funds coming into his hands pending the appeal to the Supreme Court" (to this finding defendant excepts); that immediately after J. D. Mackey surrendered the office, the board of aldermen "installed Way Kinsland as tax collector, accepting his oath of office as filed on July 25, 1939, and took bond with the Fidelity and Guaranty Company in the sum required by law and paid the premium thereon"; (7) that from 30 June, 1939, until his proper induction in office on 3 September, 1940, Way Kinsland has at all times "stood ready to comply with the requirements of the governing body and held himself in readiness to accept the duties of the position to which he had been elected"; but (8) that he did not tender to or file with or have accepted or approved by the board of aldermen, a bond as tax collector, nor did he during said period perform any act as tax collector of said town, but did on 3 September, 1940, file a bond which was accepted and approved by the board for the term beginning that date.
Upon these findings of fact the court concluded as a matter of law that temporary injunction should be dissolved, and so decreed. Defendant appeals to Supreme Court and assigns error. *Page 147 
Regarding motion of appellee to dismiss: It is noted that the two actions were tried together for convenience. They were not consolidated in the sense that they became, by order of court, one action. The parties are not the same. The purposes are not the same. The plaintiffs are not united in interest. Separate causes of action are alleged. Therefore, they could not be joined in the same action under C. S., 457. Hence, there should have been separate appeals. The amendment to Rule 19 of Rules of Practice in the Supreme Court, 213 N.C. 808, now Rule 19 (2), does not relieve the situation for appellants. That applies only when there are two or more appeals in one action. In such event, it shall not be necessary to have more than one transcript. But, without intending to make a precedent of the case in this respect, we will pass the defect, and proceed to consider the case as constituted upon its merits.
Regarding the appeal in State ex rel. Way Kinsland v. J. D. Mackey:
Appellant's assignments in the main revolve around the refusal of the court to allow amendments to his original answer to set up in defense additional reasons for his refusal to surrender the office of tax collector, as shown in the foregoing statement of facts.
That the judge or court may, before or after judgment, in furtherance of justice, allow any pleading to be amended when the amendment does not change substantially the claim or defense is well settled. C. S., 547. Also, decisions of this Court are uniform in holding that after time for answering a pleading has expired, an amendment thereto may not be made as of right, but is a matter which is addressed to the discretion of the court and its decision thereon is not subject to review, except in case of manifest abuse, Hogsed v. Pearlman, 213 N.C. 240, 195 S.E. 789; Biggsv. Moffitt, 218 N.C. 601, 11 S.E.2d 870, where the rules have been recently restated.
While counsel for appellant are in agreement with these principles, it is said that when first passing on the motion to amend the court merely ruled, "Motion denied." Even so, if it did not elsewhere appear in the record that the ruling was made in the discretion of the court, as it does, "the ruling of the court below in the consideration of an appeal therefrom is presumed to be correct." Hogsed v. Pearlman, supra. See, also, Warren v.Land Bank, 214 N.C. 206, 198 S.E. 624. Moreover, in the judgment here the court below states that the motion to amend was denied "all in the court's discretion."
Again, it is said that matters in defense, which defendant desires to *Page 148 
plead, were inadvertently omitted in the original answer, and further, that in the course of the hearing of the two actions, evidence was adduced tending by its greater weight to support each of the matters covered by the proposed amendment. Hence, motion is made here that this Court, for the purpose of furthering justice, allow the amendment. The Supreme Court has the power to grant such motion. It is so specifically provided in C. S., 1414. But the factual situation here presented does not appear to merit favorable exercise of that power.
In this connection, among the statutes in this State pertaining to quowarranto, it is provided in C. S., 885, which originated in the Code of Civil Procedure of 1868, as section 371, that "if judgment is rendered in favor of the person alleged to be entitled, he shall be entitled, after taking the oath of office and executing such official bond as may be required by law, to take upon himself the execution of the office . . ." Thus is manifested the intention of the law-making power that one who is rightfully entitled to an office which another wrongfully claims and withholds shall not be required, as a condition precedent to an action to try title to that office, to do the vain thing of going through the formality of complying with the requirements for induction into the office. This principle of long standing in this State is in harmony with decisions of the courts of this and other States. Howerton v. Tate, 68 N.C. 546;Kreitz v. Behrensmeyer (Ill.), 36 N.E. 983; Booker v. Donohoe (Va.),28 S.E. 584.
In Howerton v. Tate, supra, an action to recover offices of directors, for the State, on board of Western North Carolina Railroad, it was contended that since the Constitution, Art. III, section 10, requires the Governor in making such appointments to consult the Senate, and, as he failed to do so, the Howerton board, appointed by the Governor by and with advice of Council of State, has no valid claim to the road. The Court said: "The question is, should the Governor have sent nominations to the Senate after the General Assembly had in express terms taken the power of appointment from him and exercised it themselves in one instance, and by the presiding officers of the two branches in another instance? It would have been a mockery to have done so, for they had already said by their action, you have nothing to do with the matter. This action on the part of the Legislature dispensed with the necessity of sending in nominations, and left the Governor to pursue the law as far as he could."
In Kreitz v. Behrensmeyer, supra, an action by officer de jure to recover of officer de facto, the emoluments of that office, the Illinois Court stated: "The law will not require a useless act, and by taking the oath of office, and filing bonds, as collector, for the several years, 1888-89-90, no purpose could have been subserved, as the contest was not determined *Page 149 
until after the full term had expired. Appellee's right of recovery is therefore not affected by these considerations."
In Booker v. Donohoe, supra, after reviewing some decisions of other courts, the Virginia Court said: "It was not necessary, as conditions precedent to the recovery against the defendant, that plaintiff should have qualified himself to discharge the duties of the office to which he was elected, by taking the oaths and executing the bonds prescribed by law. To hold that the injured party must qualify as a condition precedent to his right of action against an intruder would be to allow the wrongdoer to take advantage of his own wrong . . ."
In the case in hand, defendant J. D. Mackey in his answer admits that he has possession of the office in question, that demand has been made for the surrender of it, and that he refused and still refuses to surrender it to Way Kinsland or to any other person, for the reason that on 5 June, 1939, he had been appointed or elected by the board of aldermen for a term of two years, and, on 30 June, 1939, the board had no authority to remove him, without preferring charges and giving him an opportunity to be heard, which had not been done, and, hence, Way Kinsland had no right to the office.
Maintaining that attitude, the other reasons, set forth in the proposed amendment, for defendant's refusal to surrender the office, if pleaded, would be wholly incompatible and inconsistent with those in the original answer. And, the fact that defendant surrendered the office on 3 September, 1940, before making the motion, does not change the situation. So, applying the principles, evidenced by the statute, C. S., 885, and cited decisions, the amendments, if allowed, would avail nothing to defendant.
Other assignments are considered, but, in view of the ruling above, treatment of them is deemed unnecessary.
While the judgment appealed from herein is hereby affirmed, the cause remains open for further proceedings in accordance with the decision and suggested procedure set forth in McCall v. Webb, 135 N.C. 356,47 S.E. 802, not inconsistent with this decision.
Judgment is
Affirmed.
Regarding appeal in Osborne v. Town of Canton:
Counsel for appellant state: "The question involved in this appeal is whether or not the town of Canton has the right to pay Way Kinsland the salary of $145.00 per month as tax collector of the town of Canton from June 30, 1939, to September 3, 1940, when he had only filed an oath of office and showed to the mayor a copy of the application for bond, but never tendered, filed or had the acceptance or approval of a bond by the municipal authorities?" *Page 150 
Having held in the foregoing opinion in the companion case of "State exrel. Way Kinsland v. Mackey" that, as of 30 June, 1939, Way Kinsland is rightfully entitled to the office of tax collector of the town of Canton, that is, tax collector de jure, the question here is answered "Yes" in so far as concerns and to the amount of salary which the town has withheld.
It is well settled that the right to the fees, salary and emoluments of a public office is incidental to the office, and that the one who is rightfully entitled to hold the office, that is, the officer de jure, is entitled to the fees, salary and emoluments pertaining to the office,Howerton v. Tate, 70 N.C. 161.
This is true even though another, who is in wrongful possession of the office, that is, one who is officer de facto, actually performs the duties of the office pending adjudication of title to the office. It is so provided by statute in this State, C. S., 879, 878, 880, 885, and so held in Howerton v. Tate, supra.
In the Howerton case, supra, an action in which Howerton as president dejure of the Western North Carolina Railroad, under authority of decision inHowerton v. Tate, 68 N.C. 546, sued to recover of Tate, president defacto, the salary of that office received by him during period title was in controversy, the Court said: "Howerton, being the president de jure of the road, was entitled to receive the salary attached to that office; but Tate having usurped the same and having received a portion of, if not all of the salary, without the assent of Howerton, either expressed or implied, he must be held as having received it for the use of Howerton."
In C. S., 879, it is provided that when in an action the title to an office is involved, the defendant, being in possession of the office and discharging the duties thereof shall continue therein pending the action, and receive the emoluments thereof, and may not be interfered with by injunction. The public good requires that the office function. Howerton v.Tate, 70 N.C. 161. But, before defendant may answer or demur to the complaint, it is provided in C. S., 878, that he must execute and file as indicated an undertaking in amount specified, which may be increased from time to time in the discretion of the judge, conditioned that he, defendant, pay to plaintiff "all such cost and damages, including damages for the loss of such fees and emoluments as may or ought to have come into the hands of the defendant, as the plaintiff may recover." It is further provided in C. S., 880, that plaintiff may by motion obtain an order to require defendant to give bond as specified in section 878. It is therein further provided that if defendant shall give the undertaking and if judgment is for plaintiff, the court shall render judgment against defendant and his sureties for costs and damages, including *Page 151 
loss of fees and salary. McCall v. Webb, 135 N.C. 356, 47 S.E. 802. The principle is fair and just. One who is so in possession of an office and asserting title thereto, is charged with and has knowledge that, if he lose in contest for title to the office, he will lose the fees, salary and emoluments, even though he has performed the duties of the office.
Further, the authorities generally agree that where the salary has been paid to the officer de facto, it cannot be collected from the municipality again by the officer de jure, for the reason of public policy, but the remedy of the rightful claimant is against the one who has wrongfully received the money. See Annotations 55 A.L.R., 997; 59 A.L.R., 117.
But where, by judgment, title has been determined and the salary of the office has been paid to neither the de jure nor the de facto officer, the right of action of the de jure officer is not against the de facto officer, but against the public authority whose duty it is to pay the salary.Whitaker v. Topeka (1900), 9 Kan. App. 213, 59 P. 668.
Applying these principles to the case in hand, the town of Canton can only be required to pay the salary of the tax collector once. If it has paid to J. D. Mackey any part of the salary due in the period during which title to the office was in controversy, it may not again be required to pay, but, that part of the salary withheld is due to Way Kinsland as officer de jure, and may not now be paid to J. D. Mackey.
In accordance with the principles here set forth, the judgment below dissolving the injunction is
Affirmed.
State ex rel. Kinsland v. Mackey
Affirmed.
Osborne v. Town of Canton
Affirmed.