The Honorable Ronald Auer Representative, District 59 State Capitol Building, Room 411-2 Jefferson City, Missouri 65101
Dear Representative Auer:
This opinion is in response to your question asking:
 Whether the St. Louis Board of Police Commissioners can pass a rule which provides tenure for the officers and increases the number necessary to obtain a majority from three to four when the Section 84.020, RSMo 1986, provides that the Board shall appoint one of its members as President and Vice-President in that the Board's rule is in conflict with the Statute?
You have provided the following information relating to the question you pose:
 In October 1992, the St. Louis Board of Police Commissioners (hereinafter "Board") approved an amendment to the City of St. Louis Metropolitan Police Department Manual. The Board has five voting members. The Board voted to delete Sections 1.001, 1.002, 1.003, 1.004, 1.005, 1.006 and 1.007. In lieu of those provisions, the Board inserted a new Section 1.002. The two provisions relevant to this Memorandum are 1.002(c) and 1.002(h). 1.002(c) states in part as follows:
 "The officers shall each hold office for a term of two years or until he/she sooner dies, resigns, or becomes disqualified. . . ."
1.002(h) states:
 "This Rule may be altered, amended or repealed in whole or in part at any regular meeting of the Board or vote of not less than four (4) members of the Board then in office provided that the amendment has been submitted to the Board in writing at the previous regular meeting of the Board."
Section 84.020, RSMo 1986, relating to the St. Louis Board of Police Commissioners, provides:
 84.020. Board of police commissioners — members — officers (St. Louis). — In all cities of this state that now have, or may hereafter attain, a population of five hundred thousand inhabitants or over, there shall be, and is hereby established, within and for said cities, a board of police, to consist of four commissioners, as provided in sections 84.040 to 84.080, together with the mayor of said cities for the time being, or whosoever may be officially acting in that capacity, and said board shall appoint one of its members as president, and one member who shall act as vice president during the absence of the president; and such president or vice president shall be the executive officer of the board and shall act for it when the board is not in session.
While such section provides for the Board to appoint one of its members as president and one of its members as vice president, such section does not provide a term during which such members shall hold the offices of president and vice president.
In Missouri Attorney General Opinion No. 80, Scott, July 12, 1961, a copy of which is enclosed, this office addressed a similar situation involving the commissioners of a special road district who pursuant to statute elected one of their number as president, another as vice president, and another as secretary. The statute was silent with respect to the term of office of such officers elected by the board. This office concluded that in such situation, the applicable rule is that the officers are elected for an indefinite period and are removable at the will of the appointive power. See State exinf. Barrett ex rel. Bradshaw v. Hedrick, 294 Mo. 21,241 S.W. 402, 416 (banc 1922). See also McQuillin Mun Corp § 12.112 (3rd Ed).
In the situation about which you are concerned, the Board has attempted by rule to fix the terms of the officers at two years. In Kinsland v. Mackey, 217 N.C. 508, 8 S.E.2d 598
(1940), the governing body of a town in North Carolina had the power to appoint a tax collector for said town but no term of office was provided. The governing body of the town attempted to fix a definite term for the office. In holding that the tax collector only held office at the will or pleasure of the governing body, the North Carolina Supreme Court stated:
 The applicable rule, which appears to have been generally and almost universally adopted, is that where the term of office of a public officer is not prescribed by law, the office is held during the pleasure of the authority making the appointment. Likewise, the general rule is that in the absence of all constitutional or statutory provision for the removal of such public officers, the power of removal is incident to the power of appointment, and is discretionary and may be exercised without notice or hearing. [Citations omitted.]
 These general rules have been applied in well considered decisions by the courts of many states to cases in which the appointing authority has attempted to fix a definite term for the particular office. [Citation omitted.] The trend of these decisions is that the implied power of the appointing authority to remove at pleasure an officer whose term of office is not prescribed by law cannot be contracted away so as to bind the appointing authority to retain an appointee for a fixed period.
* * *
 Under these principles, no definite term having been prescribed by statute for the office of tax collector for the town of Canton, the appointment of defendant at the regular meeting of the board of aldermen on 5 June, 1939, entitled him to hold the office only at the will or pleasure of the board. And this is true, even though it be conceded that the board by resolution specified that the appointment be for a definite term. Hence, in the absence of constitutional or statutory provision therefor, the board, under the power of removal incident to the power of appointment, had the power to remove the defendant at any time without cause, notice or hearing. Id., 8 S.E.2d at 600.
See also Horstman v. Adamson, 101 Mo. App. 119, 74 S.W. 398
(1903) holding that the attempted appointment by a county clerk of a deputy county clerk for a fixed time period was void. Therefore, we conclude that the rule of the St. Louis Board of Police Commissioners attempting to fix the terms of office of the president and vice president at two years is void.
The next issue for consideration is the validity of that part of the rule requiring a vote of not less than four (4) members of the Board to alter, amend or repeal the rule. Section 1.050, RSMo 1986, provides:
 1.050. Majority may act for all. — Words importing joint authority to three or more persons shall be construed as authority to a majority of the persons, unless otherwise declared in the law giving the authority.
Pursuant to such section, the majority of the board members may act on behalf of the board "unless otherwise declared in the law giving the authority." The statutes applicable to the Board do not contain any provision requiring four (4) members of the Board to act with respect to altering, amending or repealing a rule. The rule requiring a vote of not less than four (4) members is contrary to the provisions of Section 1.050. It is well settled that a municipal ordinance must be in harmony with a general law of the state upon the same subject and is void if in conflict with the state law. Kansas City v. LaRose,524 S.W.2d 112, 116 (Mo. banc 1975). Therefore, we conclude that the part of the rule requiring a vote of not less than four (4) members of the Board to act is void.
CONCLUSION
It is the opinion of this office that the St. Louis Board of Police Commissioners has no authority to provide by rule for the president and vice president of the board to have two year terms of office.
Very truly yours,
 JEREMIAH W. (JAY) NIXON Attorney General
Enclosure: Opinion No. 80, Scott, July 12, 1961